(8 Misc. Rep. 45.)

DE CLEMENTE et al. v. WINSTANLEY et al.

(City Court of Brooklyn, General Term.    April 24, 1894.)

TRIAL—INDEFINITE VERDICT.

> A complaint in ejectment stated that plaintiff and defendant owned certain adjoining city lots, and that defendant erected a fence, which was not on the true division line. *Held*, that a verdict that plaintiffs "are entitled to possession of the strip of land described in the complaint" was so indefinite as to constitute a mistrial, though the evidence showed that defendant's fence encroached on plaintiff's lot one foot at the rear, from which point it ran to the true division line on the front.

Appeal from trial term.

Action by Francis P. De Clemente and another against Eliza H. Winstanley and another to recover possession of land. There was a judgment in favor of plaintiffs, and defendants appeal. Reversed.

Argued before CLEMENT, C. J., and OSBORNE, J.

G. G. & F. Reynolds, for appellants.

F. R. Hartman, for respondents.

OSBORNE, J. This was an action in ejectment. The complaint, in brief, alleged plaintiffs' ownership "in fee of the premises No. 185 York street, in this city, consisting of a house and lot, said lot being 25 feet in front and rear by 100 feet in depth on each side;" that defendants owned the adjoining lot on the west; that defendants had erected a fence between said two lots, which was not on the true division line, and had also erected a building, partly on the land of plaintiffs and partly on their own land; that defendants refused to remove said fence and building off plaintiffs' land, whereby plaintiffs have been deprived of the full and free use of their land, to their damage in the sum of $5,000, and they demand judgment for said sum, "that defendants be directed to remove said fence and structure," and that they have such other judgment or decree as may seem just. In their answer, defendants deny the trespass, and allege more than 20 years of adverse possession. On the trial, plaintiffs sought to show that the division fence and the rear building on defendants' lot encroached on plaintiffs' premises about one foot at the rear, and that the fence line ran from that point to the front of the lot, where it struck the true division line. Defendants sought to establish 20 years' adverse undisputed possession of their lot as fenced. The jury found a "verdict in favor of the plaintiffs, that they are entitled to possesion of the strip of land described in the complaint in fee simple, and assess the dam-

ages at six cents." On this verdict judgment was entered adjudging "that the plaintiffs [naming them] recover of the defendants [naming them] the possession of the real property described in the complaint, and, further, that they recover of the defendants the sum of six cents damages for the withholding thereof," etc. Defendants appeal from this judgment.

We think that there was a mistrial here, and that the judgment cannot stand, owing to the form of the verdict which was rendered. The jury found, as above stated, that plaintiffs were "entitled to the possession of the strip of land described in the complaint." If we refer to the complaint to interpret this verdict, we find no "strip of land" therein described. The only real properties referred to in the complaint are "the premises known as 'No. 185 York Street,'" being 25 by 100, which plaintiffs allege ownership of, and "the adjoining lot on the west side of the above-described premises," alleged to belong to the defendants. Nor does the judgment help the verdict, for that merely adjudges that "plaintiffs recover of the defendants the possession of the real property described in the complaint." This judgment, literally construed, would entitle plaintiffs to possession of their own lot and to that of the defendants. If execution to enforce this judgment was issued to the sheriff, it would furnish him no clew to carry it out. He could not, of course, refer to the record to find out that all that it was really intended that he should do was to put plaintiffs in possession of a narrow triangular strip in the rear of the premises, one foot wide at the base, and running to a point on the side of their lot adjoining the lot of defendants. It was never intended, in a judgment of ejectment, that the sheriff should employ surveyors to determine just what premises he should put the prevailing party in possession of; and yet an attempt to enforce this judgment would require the sheriff to locate his starting point, and himself run the lines of plaintiffs' lot. The verdict should have been corrected in the first instance so as to define exactly what land plaintiffs were entitled to possession of. This was not done, and, of course, the verdict cannot now be amended or corrected. The judgment must be reversed, and a new trial ordered, with costs to defendants to abide the event.