(118 App. Div. 566)

### McDONALD v. DE VITO et al.

(Supreme Court, Appellate Division, Fourth Department. March 6, 1907.)

ATTORNEY AND CLIENT—CONTRACT OF EMPLOYMENT.

Where plaintiff in an action employed an attorney on an agreement that he should receive a certain percentage of any recovery, and the attorney thereafter refused to proceed under the contract, the client was not liable for any services that the attorney had already performed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 357.]

Appeal from Oneida County Court.

Action by George M. McDonald against Donato De Vito and another. From a judgment in favor of plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

William R. Lee, for appellant.
L. N. Southworth, for respondent.

KRUSE, J. While the evidence was undisputed that the plaintiff rendered legal services for the defendants at their request, for which the plaintiff was entitled to recover what they were reasonably worth, if the testimony of the plaintiff is to be taken as true, yet, even in that view, the value of the services was a question of fact for the jury; but beyond that the testimony on behalf of the defendant tended to

prove that the services were rendered in certain actions under a special contract for which the plaintiff was to receive 25 per cent. of the recovery.   If this agreement was made as claimed on behalf of the defendants, then the plaintiff was not entitled to recover what the services were reasonably worth, but was necessarily limited by the terms of his contract to 25 per cent. of the recovery.   It is true that the defendants refused to attend the trial of the actions, but that was after the plaintiff had refused to proceed under the contract as claimed by the defendants, and they had refused to proceed with the actions because of plaintiff's repudiation of the contract as claimed by them.   If the defendants were right in their contention, they were under no obligation to continue the services of the plaintiff, and had incurred no liability for what he had done.

We are clearly of the opinion that questions of fact were presented by the evidence which required the case to be submitted to the jury, and it was error to direct a verdict for the plaintiffs.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.   All concur.

