SHANLEY v. MURTY.

(Supreme Court, Appellate Division, Fourth Department. November 17, 1909.)

1. EJECTMENT (§ 111*)—VERDICT—REQUISITES.
     Where, in ejectment, the verdict, in accordance with the only question submitted, locates a line in dispute, and finds that plaintiff did not repossess himself of the land in question, but does not specify plaintiff's estate in the property, as required by Code Civ. Proc. § 1519, nor describe the property to be recovered, nor fix the damages, nor award the possession of the property to plaintiff, and there is no general verdict rendered, the verdict is fatally defective.
     [Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 332–335; Dec. Dig. § 111.*]

2. EJECTMENT (§ 114*)—JUDGMENT—DESCRIPTION OF PROPERTY.
     Where, in ejectment, the judgment for plaintiff does not describe the specific property in controversy, and contains no provision that plaintiff recover possession of any property, the judgment is defective.
     [Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 353, 355; Dec. Dig. § 114.*]

     McLennan, P. J., dissenting.

Appeal from Trial Term, Oneida County.
Ejectment by Rosanna D. Shanley against Richard J. Murty. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.
Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Henry F. & James Coupe, for appellant.
P. H. Fitzgerald, for respondent.

WILLIAMS, J. The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide event.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The action was in ejectment. The real controversy was as to, the exact location of a division line between the city lots of the parties, in Utica. The complaint was peculiar, in that it alleged that the defendant was in the possession of the whole of plaintiff's lot, having ousted plaintiff therefrom, and withheld the same. As a matter of fact the claim was that the defendant had erected a sort of fence, cutting off a narrow piece of plaintiff's lot, but this piece so fenced off was in no way described in the complaint. Evidence was given on the trial by both parties as to the location of the division line, and the court submitted to the jury the question of location of the line, and whether plaintiff, since the action was commenced, had repossessed herself of the land in dispute. The jury by its finding located the line where plaintiff claimed it was, and found that the plaintiff had not repossessed herself of the land in question. There was dispute as to whether defendant had really taken possession of the land by the building of the fence; but that question was not submitted to the jury.

Upon the rendition of the verdict by the answering of the questions above, the court directed judgment thereon, fixing the location of the line, and for the recovery of the land up to that line, and for six cents damages., No general verdict was taken or directed. A motion was made to set aside the verdict, but there does not seem to have been any objection to the direction of the judgment upon the verdict. The verdict did not specify the plaintiff's estate in the property, as required by section 1519, Code Civ. Proc.; and it did not describe the property to be recovered, and did not fix the damages, and did not award possession of the property to the plaintiff. There being no general verdict, and no verdict of any kind ordered, it would seem that it was fatally defective and irregular, and should on the motion of defendant have been set aside, and a new trial granted.

The judgment is irregular and defective, also, in not describing the specific property in controversy, and containing no provision that the plaintiff recover possession of any property. This was a pure action in ejectment. It should have been tried and determined as such in accordance with the practice well established. It was an action at law, and the verdict should have contained the matters provided by statute. This verdict might have been rendered by the jury, on a submission of the evidence to them, or it might have been directed by the court upon undisputed evidence. No proper verdict was rendered in either way. Very likely the court inadvertently omitted to take or order a general verdict and to include therein the matters necessary under the practice to authorize a proper judgment. We think the case had better be retried, and the proper practice followed.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event. All concur, except McLENNAN, P. J., who dissents.