## STEELE v. HAMMOND.

(Supreme Court, Appellate Division, Second Department. March 4, 1910.)

ATTORNEY AND CLIENT (§§ 140, 167*)—ATTORNEY'S SERVICES—ACTION—VALUE—QUESTION FOR JURY.

> In determining the value of an attorney's services, his ability, reputation for integrity, the importance of the case, the amount of labor performed, and the result obtained are to be considered, and the fact that there was no evidence offered in opposition to plaintiff's testimony as to the value of his services is not conclusive, and did not justify the direction of a verdict in his favor for the amount of the bill, under Code Civ. Proc. § 1183, providing that in an action for money only the jury must assess the damages.
>
> [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 336–349, 374; Dec. Dig. §§ 140, 167.*]

Appeal from Special Term, Kings County.

Action by Hiram R. Steele against James B. Hammond. From a judgment on a directed verdict in favor of plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, and JENKS, JJ.

Edward K. Reilly, for appellant.

Theodore L. Frothingham, for respondent.

HIRSCHBERG, P. J. The judgment recovered by the plaintiff, entered on a verdict found by direction of the court, is for professional services as an attorney and counselor at law, rendered to the defendant. The court not only directed a verdict in favor of the plaintiff, but, under defendant's objection, directed that the verdict should be made for the amount of the plaintiff's bill.

The plaintiff testified that his services were worth more than the bill rendered, and he was corroborated by the evidence of another witness. I think, however, that the court should have submitted to the jury the question of the amount of the recovery. By section 1183 of the Code of Civil Procedure it is provided that in an action to recover a sum of money only the jury must assess the amount of damages. The respondent insists that, where there is no evidence offered on the question of amount in opposition to the claim of an attorney suing for the value of his services, the price is fixed the same as it

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

would be in an action for the market value of commodities. I do not so understand the law. The elements of the value of professional services are many and in their nature varying; the result being largely dependent on environment and surroundings which have no relation whatever to the market value of tangible commodities.

In Randall v. Packard, 142 N. Y. 47, 36 N. E. 823, it was held that the result of a lawyer's services is a proper and an important element to be taken into consideration in determining their value; and a charge to the jury was approved to the effect that, in determining such value, the computation should include the professional reputation of the plaintiff for ability and integrity, the difficulty and importance of the case, the amount of work and labor performed, the amount involved, the pecuniary ability of the client, and the benefit derived by the latter from the result. In Morehouse v. Brooklyn Heights R. R. Co., 123 App. Div. 680, 108 N. Y. Supp. 152, it was held that, if the fee were contingent, a larger compensation might lawfully be demanded. In McDonald v. De Vito, 118 App. Div. 566, 103 N. Y. Supp. 508, it was held that where the rendition of the services was undisputed, and the plaintiff's testimony on the question of value was to be regarded as true, yet even in that view the value of the services was a question of fact for the jury. And in Brooklyn Heights R. R. Co. v. Brooklyn City R. R. Co., 124 App. Div. 896, 109 N. Y. Supp. 31, this court, in adopting the opinion of Mr. Justice Burr in the court below, held that evidence of the value of professional services is purely opinion evidence, and not testimony as to facts, and therefore was not conclusive, even when uncontradicted.

It follows that the question of the amount of the recovery should have been submitted to the jury, and the judgment must therefore be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur.