purely ministerial, and the statement that the relator is not bound to go outside of the state to pay off the mortgage as held in Weyand v. Park Terrace Co., 202 N. Y. 231, 95 N. E. 723, 36 L. R. A. (N. S.) 308, Ann. Cas. 1912D, 1010, is not, therefore, pertinent.

Motion for peremptory writ is denied, with costs.

---

(155 App. Div. 443.)

### RAMAPO MFG. CO. v. MAPES.

(Supreme Court, Appellate Division, Second Department. February 28, 1913.)

EJECTMENT (§ 111*)—VERDICT—REQUISITES AND SUFFICIENCY.

A complaint in ejectment alleged plaintiff's ownership of a tract of land described by metes and bounds, and that defendant had inclosed it, with other lands of her own, by a fence. Defendant pleaded title under a deed and by adverse possession. The court charged to find for defendant if the land was included in such deed, or if she was entitled to its possession by adverse possession; otherwise to find for plaintiff. The submission of the case in this form was acquiesced in by both parties; defendant requesting instructions to the same effect. The jury rendered a general verdict "for plaintiff." *Held*, that the verdict was sufficient, and supported a judgment that plaintiff was the owner and entitled to the possession of the premises described in the complaint, and was entitled to have the fence removed.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 327–345; Dec. Dig. § 111.*]

Burr, J., dissenting.

Appeal from Special Term, Rockland County.

Ejectment by the Ramapo Manufacturing Company against Julia Pierson Mapes. From an order denying a motion to amend the judgment to conform to the verdict, defendant appeals. Affirmed.

See, also, 151 App. Div. 888, 135 N. Y. Supp. 1138.

The opinion of Tompkins, J., at Special Term, was as follows:

The complaint described the tract of land in dispute between the parties, and alleged the plaintiff's ownership of it, and the defendant's claim to it, and the erection upon it by the defendant of a fence by which it was inclosed with other lands concededly owned by the defendant, so that the issue between the parties was as to the ownership of the particular tract of land that was described in the complaint by metes and bounds, the defendant claiming that the tract in dispute was included with other lands in a deed made by the plaintiff in 1871 to one Henry L. Pierson, the plaintiff contending that the deed from the plaintiff to the said Henry L. Pierson did not include the land in question. The defendant further claimed that, if it was not conveyed to Pierson, she and her predecessors in title under the said Pierson deed, had acquired the land in question by adverse possession, so that two questions were distinctly submitted to the jury. The first was whether the tract described in the complaint was included in the Henry L. Pierson deed, and the second was whether, if such deed did not include the land in dispute, the defendant and her predecessors had acquired such disputed land by adverse possession; and the jury was clearly charged that, if the said Pierson deed did include the land in dispute, their verdict would be for the defendant, and that, if said deed did not include the land in dispute, the next question for them to consider and determine would be, had the defendant and her predecessors become entitled to the possession of the land by adverse possession, and that, if they had, the verdict would be for the defend-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant, and that if the jury found that the land was not included in the Henry L. Pierson deed, and that the defendant and her predecessors had not acquired it by adverse possession, the verdict must be for the plaintiff. There was no request for the submission to the jury of any specific question, and the verdict rendered was a general one in favor of the plaintiff upon the two questions submitted. The defendant's counsel made no request in respect to the form of the verdict, and acquiesced in the submission of the case in the form in which it was submitted to the jury, and besides made several requests, one of which was in the following language: "I ask your honor to charge the jury that, if the jury believe from the evidence that the defendant's predecessors in title and the plaintiff's predecessors in title for a period of 20 years or more treated the lines up to the place where the defendant has now constructed its fence as the division lines between the abutting property, they must find a verdict for this defendant." To which the court replied: "I so charge, if there is any evidence in the case to justify such finding." And again: "I ask your honor to charge the jury that, if the jury find that any of the defendant's predecessors in title acquired title to the premises in dispute by adverse possession, then they must find a verdict for the defendant." And again: "I ask your honor to charge that the plaintiff cannot recover the land involved in this action on weakness of the defendant's title. If the plaintiff has not shown by a preponderance of evidence that it is entitled to recover the land at issue, even though the defendant has not proven its title, the verdict of the jury must be for the defendant."

It will be seen by reference to the record of the trial and the charge to the jury (which has been submitted by counsel with the other papers upon this motion) that the case was tried and submitted to the jury with the consent of counsel on both sides upon the theory that the only question for the jury to determine was the right of the defendant to the possession of the particular tract of land described in the complaint by virtue of the deed from the plaintiff to Henry L. Pierson, or by reason of adverse possession and with the acquiescence of all parties in the direction given by the court to the jury, to find and return a general verdict either in favor of the plaintiff or the defendant.

The cases cited in the defendant's brief on this motion do not seem to apply. In the case of Shanley v. Murty, 134 App. Div. 845, 119 N. Y. Supp. 175, there was no general verdict rendered by the jury, and the complaint did not describe the land in dispute, and the Appellate Division, in its opinion, states that the court "inadvertently failed to order a general verdict."

In the case of De Clemente v. Winstanley, 8 Misc. Rep. 45, 28 N. Y. Supp. 513, the form of the verdict of the jury was that the plaintiffs are "entitled to the possession of the strip of land described in the complaint." As a matter of fact, no "strip of land" was described in the complaint. The only property referred to in the complaint was premises known as No. 185 York street, being 25 by 100, which the plaintiffs alleged they were the owners of, and which was conceded to belong to them, and "the adjoining lot on the west side of the above-described premises, which the complaint alleged belonged to the defendants, and the general term of the City Court of Brooklyn, in its opinion, said: "This judgment, literally construed, would entitle plaintiffs to possession of their own lot and that of the defendants. If execution to enforce this judgment was issued to the sheriff, it would furnish him no clue to carry it out." In other words, the complaint in that action described the plaintiff's land, and the defendant's land adjacent thereto, and sought to have the line between the two properties established where the plaintiff claimed it should be, and the jury found that the plaintiffs were "entitled to the possession of the strip of land described in the complaint," not locating the disputed boundary line, and the court held the verdict was not in proper form because it in effect, declared that the plaintiff was entitled to the possession of his own land, as well as the land that concededly belonged to the defendant, both of which properties were described in the complaint.

In the case at bar the complaint distinctly and specifically described the tract of land in dispute, and the issues between the parties were, first, whether that tract of land belonged to the defendant by reason of its having been

included with other lands in the Henry L. Pierson deed; and, second, if it was not included, whether the defendant had become the owner of it by adverse possession. If upon either of these propositions the jury found in the defendant's favor, the jury were told that they must render a general verdict for the defendant, and, if upon both of these questions they found in favor of the plaintiff, they were directed to render a verdict accordingly.

I think under all the circumstances that the verdict was proper, and that the motion should be denied.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Eli J. Blair, of New York City, for appellant.
John F. McFarlane, of Nyack, for respondent.

PER CURIAM. Order affirmed on the opinion of Mr. Justice Tompkins at Special Term, with $10 costs and disbursements.

BURR, J., reads for reversal.

BURR, J. I dissent. "A verdict * * * in favor of the plaintiff, in an action specified in this article, must specify the estate of the plaintiff in the property recovered, whether it is in fee, or for life, or for a term of years, stating for whose life it is, or specifying the duration of the term, if the estate is less than a fee." Code of Civil Procedure, § 1519. The "article" referred to in said section is article 1, tit. 1, c. 14, of said Code, entitled "Action to recover real property." This was an action of such a character, and upon the trial thereof the jury rendered its verdict in the following form: "We find for the plaintiff." Thereupon the clerk entered judgment to the effect that:

"The plaintiff, Ramapo Manufacturing Company, is the owner, and was at the time of the commencement of this action and now is entitled to the immediate possession, of the premises described in the complaint in this action, and was at the time of the commencement of this action, and now is, entitled to have the iron fence and stone gateposts erected by the defendant Julia Pierson Mapes upon said described lands and premises, which is an encroachment thereon and excludes the plaintiff from its lawful possession thereof, immediately removed therefrom. It is further adjudged and decreed that the plaintiff, Ramapo Manufacturing Company, be and it is hereby awarded immediate possession of the lands and premises described in the complaint herein, of which it is the owner in fee, and upon which said fence and gateposts were wrongfully and unlawfully erected by the defendant herein, and which fence and gateposts the plaintiff herein is hereby authorized and entitled to remove as an encroachment thereon."

Then follows a description of certain premises, the easterly boundary line of which is stated to be the division line between lands of defendant and plaintiff. The location of said line may be determined, it is true, by the fact that it is stated to begin at an elm stump on the northerly bank of the Ramapo river, and to run north 59 degrees 40 minutes east, 594 feet to a stake. The judgment also provides that plaintiff shall recover its costs of defendant. Shortly after the entry of said judgment, defendant moved to strike out all of the provisions thereof except those relating to costs, and for "such other and further relief as to the court may seem just and proper." From an order denying such motion, defendant appeals.

The question in this case is not whether the parties requested a special verdict, or whether the verdict as rendered is a general or a special one. If we assume that in form it is a general verdict, it is not such a general verdict as authorizes the entry of any judgment in an action of ejectment. It is fatally defective for failure to specify the estate of the plaintiff in the land in controversy, or whether the plaintiff is entitled to the whole or only a part thereof. Meehan v. Dobson (Sup.) 131 N. Y. Supp. 37; Shanley v. Murty, 134 App. Div. 845, 119 N. Y. Supp. 175. It seems to me that upon such a verdict there was no more power to enter a judgment than there would be if in an action for unliquidated damages, where by the provisions of the Code (Code of Civil Procedure, § 1813) the jury were required to assess such damages, a jury had said, "We find a verdict for the plaintiff, and had omitted to assess the same." In such case a judgment could not be entered, even although there was no evidence to contradict that of plaintiff as to the extent thereof. Steele v. Hammond, 136 App. Div. 667, 121 N. Y. Supp. 589. The defendant lost no rights in the matter by failing to object to the form of the verdict when rendered. The parties sustained hostile relations to each other, and no duty devolved upon her to see to it that plaintiff's interests were protected by a proper verdict. In my opinion not even a judgment for costs could be entered upon such a verdict. While the specific relief asked for is to strike out only a portion of the judgment, under the prayer for other and further relief the whole of said judgment might be stricken out, if the verdict does not authorize the same.

It seems to me that such is the proper decision to be made.