BAXTER *v.* SZUCS.

1. Judgment—Summary Judgment—Question for Court to Determine.

    Province of court, on motion for summary judgment, is to determine judicially whether there is an issue of fact, which, if resolved in favor of defendant, would preclude verdict for plaintiff in whole or in part of his demand, and this is not to be determined alone from affidavits on motion for judgment, but from all pleadings and files in cause.

2. Same—Conflicting Affidavits.

    Where, in action for services as attorney, plaintiff filed affidavit in support of motion for summary judgment stating that specific sum of $1,500 had been agreed upon, and later, under amended declaration, on common counts, filed affidavit that reasonable value of services was $3,000, summary judgment in excess of $1,500, less credits, was not proper.

3. Same—Sufficiency of Affidavit of Merits—Value of Attorney's Services.

    In action for services as attorney, affidavit by client, in opposition to motion for summary judgment, stating that he had paid plaintiff certain amount, which ''reasonably if not overpaid'' plaintiff for said services, and that affiant never agreed to pay any further sum, is not insufficient on ground that layman is not competent witness to value of attorney's services under Circuit Court Rule No. 34, requiring facts to be stated with particularity, since no one can state as fact value of legal services, but can only give his opinion.

4. Attorney and Client—Value of Attorney's Services—Basis of Value.

    Value of attorney's services is based on number of considerations, including professional reputation and standing of attorney, difficulty and importance of case, amount of time spent and work performed, sum involved, result of litigation, etc.

5. Judgment—Summary Judgment Not Justified.

    Where, in action for services as attorney, plaintiff filed affidavit in support of motion for summary judgment, stating that spe-

cific sum of $1,500 had been agreed upon, and that $150 had been paid, and later, under amended declaration, on common counts, filed another affidavit that reasonable value of services was $3,000, defendant's affidavit of merits, stating that he had paid plaintiff $470, which was reasonable amount for services rendered, and that he never agreed to pay more, covered all matters and rendered it sufficient, so that summary judgment was not justified, but value of services could be determined only on trial.

Error to Wayne; Richter (Theodore J.), J. Submitted October 29, 1929. (Docket No. 167, Calendar No. 33,792.) Decided December 3, 1929.

Assumpsit by Aldrich Baxter against Vincent Szucs for attorney fees. From a summary judgment for plaintiff, defendant brings error. Reversed.

*Aldrich Baxter, in pro. per.,* for plaintiff.

*L. E. Barnett,* for defendant.

FEAD, J. This is review of a summary judgment for plaintiff.

In addition to the common counts, plaintiff's original declaration contained a count on express contract to pay him $1,500 as compensation for his services as defendant's attorney in a divorce suit which was discontinued before hearing. Plaintiff moved for summary judgment, supported by his own affidavit that such express contract had been made; that the specific sum of $1,500 had been agreed upon; and that $150 had been paid on account. He had summary judgment for $1,350. In opposition to motion to set aside this judgment, plaintiff made affidavit that, prior to the time of the agreement, he had been paid $320; that it was agreed between him and defendant that the fair and reasonable value of plaintiff's services was in excess of $1,820; that

the parties then agreed upon compensation of $1,500 in addition to sums already paid; that defendant paid him $150 and promised to pay the balance within six weeks. The judgment was set aside on the ground that defendant's affidavit of merits had denied express agreement for a specific amount.

Plaintiff, by leave of court, then filed an amended declaration on the common counts and with special count on express contract to pay him reasonable compensation. He made a new motion for summary judgment, supporting it by his own affidavit that the agreement had been made as claimed in the amended declaration, and that the reasonable value of his services was $3,000. Defendant filed a new affidavit of merits, in which, among other things, he stated he had paid plaintiff $470, "which reasonably if not overpaid plaintiff for the necessary work he did in that case in the interest and behalf of this deponent, and deponent never agreed to pay any further sum of money."

The affidavit was made by defendant, a layman, and was not supported by the affidavit of an attorney of the value of plaintiff's services. Because a layman is not a competent witness to testify to the value of an attorney's services, *Howell* v. *Smith,* 108 Mich. 350, the court held the affidavit of merits insufficient, under that part of Circuit Court Rule No. 34 which reads:

"The facts so stated shall be the personal knowledge of the affiant, shall be set forth in the affidavit with particularity, and the affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto."

Summary judgment for $2,530 was entered for plaintiff, and a motion to vacate was denied.

The province of the court, on motion for summary judgment, is to determine judicially whether there is an issue of fact which, if resolved in favor of defendant, would preclude a verdict for plaintiff in whole or in part of his demand. *Appelbaum* v. *Gross,* 191 N. Y. Supp. 710; *Jones* v. *Stone,* 70 L. T. R. (N. S.) 174. This is not to be determined alone from the affidavits on motion for judgment, but from all the pleadings and files in the cause. 34 C. J. p. 201. Plaintiff, upon his own pleadings and affidavits, established an issue of fact on the measure of compensation. Unless he should take the incredible position of denying the truth of the affidavits filed on his first motion for judgment, the jury could find the value of $1,500, established by express agreement. Summary judgment in excess of that amount, less credits, was not proper in any event.

The affidavit was not insufficient on the ground that defendant was not a competent witness to the value of an attorney's services. Circuit Court Rule No. 34 requires *facts* to be stated with particularity. No one can state as a fact the value of extensive legal services. He can only give his opinion. The value is based upon a number of considerations, including the professional reputation and standing of the attorney, the difficulty and importance of the case, the amount of time spent and work performed, the sum involved, the result of litigation, etc. 6 C. J. p. 761; *Steele* v. *Hammond,* 136 App. Div. 667 (121 N. Y. Supp. 589). It is not like wages, goods, and even some minor professional services, with a market value which may be stated as a fact, or, by reason of local custom, have a definite price.

The rule is not to be construed as requiring averment as a fact of what is not a fact but an opinion. From the nature of the case, the value of the services

can only be determined upon trial. The general statements in the affidavit of merits covered all matters and rendered it sufficient.

Judgment will be reversed, with costs to defendant.

North, C. J., and Butzel, Wiest, Clark, McDonald, Potter, and Sharpe, JJ., concurred.