MARGARET G. TULLY, Appellant, *v.* NEW YORK LIFE INSURANCE COMPANY, Respondent.

Second Department, March 3, 1930.

*John J. Finn* [*Samuel Davis* with him on the brief], for the appellant.

*Ferdinand H. Pease* [*Louis H. Cooke* with him on the brief], for the respondent.

PER CURIAM. The defenses herein are sufficient as a completed rescission of a voidable contract, recognized as being voidable by both parties thereto at the time the acts which constituted such completed rescission were indulged in by the defendant and the beneficiary, the plaintiff's assignor herein. Of course if the plaintiff's assignor, the beneficiary herein, was overreached by the defendant in connection with this completed rescission of the voidable contract, the defense, sufficient on its face, will fall under proof of such fraud or deceit. On this motion the facts alleged in each defense must be accepted as true and free from any vitiating elements of fraud or deceit. The same result would ensue if the facts set out in each defense were viewed upon the theory of accord and satisfaction. The facts sufficiently indicate a repudiation by the insurance company of the policy in an attempted rescission and show that the beneficiary received notice of the repudiation and the rescission, and,

with knowledge of that attitude of the defendant within the contestable period, accepted a sum of money equal to the premiums paid to the company by the insured. This presented a condition of a dispute existing between the beneficiary and the company as to the right to get any money under the policy; and after a consideration of the grounds of dispute respecting conflicting claims with respect to two different sums of money, the agreement ensuing between the parties, followed by a satisfaction thereof, due to the payment by the company and the receiving by the beneficiary of a given sum of money, is an accord and satisfaction. All this was done on checks which placed the acceptance of the money upon a condition noted thereon, to wit, that they were to be deemed a refund of the premiums on the policies, the numbers of which were given. Under either theory these defenses are sufficient if they withstand proof adduced on behalf of the plaintiff, if any is available, tending to destroy the validity of the completed rescission or accord and satisfaction set out therein.

The order should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., YOUNG, HAGARTY, CARSWELL and SCUDDER, JJ., concur.

Order denying plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice, or for other relief under rules 102 and 109, affirmed, with ten dollars costs and disbursements.