BISBEE *v.* WETMORE.

1. JUDGMENT—SUMMARY JUDGMENT—ATTORNEY AND CLIENT—ATTORNEYS' FEES.
    Where, in action by attorneys for compensation for services rendered, no contract for stated amount was claimed and defendant, in opposition to motion for summary judgment, filed affidavit of merits questioning value of services rendered, court was in error in entering summary judgment.

2. APPEAL AND ERROR—DISMISSAL OF APPEAL—RECONSIDERATION.
    If reconsideration of motion to dismiss appeal is desired, motion therefor must be timely made.

3. SAME—DELAY IN FILING MOTION TO RECONSIDER.
    Where motion for reconsideration of denial of motion to dismiss appeal was not filed until over year later, and after case had been submitted, motion was not timely made, and court declines to reconsider.

Appeal from Jackson; Simpson (John), J. Submitted January 7, 1932. (Docket No. 70, Calendar No. 35,415.) Decided March 2, 1932.

Assumpsit by Leland S. Bisbee and others, copartners as Bisbee, McKone, Wilson & King, against Earl P. Wetmore for attorney's services. Summary judgment for plaintiffs. Defendant appeals. Reversed, and new trial granted.

*Bisbee, McKone, Wilson & King,* for plaintiffs.

*Theodore M. Joslin,* for defendant.

WIEST, J. Plaintiffs are attorneys at law and brought this suit to recover compensation for serv-

ices rendered defendant in a divorce suit. Defendant appeared, and, under plea of the general issue, gave notice of recoupment. Plaintiffs moved for summary judgment. Defendant filed an affidavit of merits.

No contract for a stated amount of compensation was claimed, and charges were made for services rendered. Defendant, by his affidavit, questioned the value of services claimed to have been rendered by plaintiffs.

The court was in error in entering a summary judgment.

In *Baxter* v. *Szucs,* 248 Mich. 672, we pointed out the inapplicability of summary judgment procedure to an action by attorneys to recover fees, and what we there said applies here.

After this case was submitted to this court plaintiffs filed a ''supplemental brief,'' asking reconsideration of their motion to dismiss the appeal, which was denied January 5, 1931. Reconsideration, if desired, must be timely moved. No new reasons are alleged nor points other than those we then passed upon are submitted. We decline to reconsider our former adjudication.

The judgment is reversed, with costs to defendant, and the case remanded to the circuit court for trial on the merits.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.