BISHOP, J.
In this action to recover two months’ rent, plaintiff obtained judgment against Mrs. Dennie and Mr. and Mrs. Vetters, not after a trial, but following proceedings instituted under section 831d of the Code of Civil Procedure. Because in their affidavits, filed in opposition to the motion to strike their answers and enter judgment, the appealing defendants showed facts sufficient to entitle them to defend, it was error to enter judgment against them summarily.
So much of section 831d as is involved in a consideration of the question presented by this appeal follows: “ (4) When an answer is filed in an action to recover upon a debt, ... if it is claimed that there is no defense to the action, on motion of the plaintiff, . . . supported by affidavit of any person or persons having knowledge of the facts, the answer may be stricken out and judgment may be entered, in the discretion of the court, unless the defendant, by affidavit or affidavits, shall show such facts as may be deemed by the judge hearing the motion sufficient to entitle him to defend. . . . (6) The affidavit or affidavits in opposition to said motion shall be made by the defendant, or by any other person having knowledge of the facts, and together shall set forth facts showing that the defendant has a good and substantial defense to the plaintiff’s action (or to a portion thereof) upon the merits. The facts stated in each affidavit shall be within the personal knowledge of the affiant, shall be set forth with particularity, and each affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto. ...”
*Supp 779 For the purposes of this decision we are assuming that plaintiff’s affidavits were sufficient to entitle her to press her motion. From them it appears that on or about October 14, 1929, plaintiff became the owner of the premises which the four defendants were then occupying, and which they continued to occupy until the middle of May, 1931. At about the time plaintiff became the landlady she purchased, at the request of Mrs. Dennie, some furnishings for defendants’ use. About the same time Mrs. Vetters expressed a desire that the porch be roofed, with which desire plaintiff complied. Later, Mrs. Dennie pointed out that the floor needed repairing, and that was done. Some five months before the defendants quit the premises Mr. Vetters expressed regret that the rent was in arrears, but stated that “we will pay the rent as soon as we can”. Shortly before the premises were vacated Mrs. Vetters telephoned the plaintiff that “we can no longer keep your property . . . we will pay your rent as soon as we can”. During the first year of the plaintiff’s relation with the defendants, the monthly rental was paid by the personal check of Mr. Dennie; thereafter by the personal check of Mrs. Vetters. All these facts appear in plaintiff’s affidavits.
Each of the four defendants filed an affidavit in opposition to plaintiff’s motion for a summary judgment. Disregarding such conclusions of law as “affiant never had any privity of contract”, and similar statements, we find sufficient remaining to indicate that from one witness or another competent to testify concerning the matters involved, defendants could show that the original lease, under which they entered the premises, was one between the then owners and Mr. Dennie alone. This lease expired two months after plaintiff acquired the property, but by its terms it was provided that a holding over would be under the same conditions as those in the written lease. All rent was paid by Mr. Dennie, or if by others, from funds furnished by him; the plaintiff always came to him for the rent. The conversations about the furnishings, floor and porch roof were, with one unimportant exception, not held with the appealing defendants, but with the defendant Dennie. None of the appealing defendants had any conversation with plaintiff about the rent.
*Supp 780 Bearing in mind' that we are not concerned with the liability of Mr. Dennie, against whom .judgment was not rendered, we find that the three appellants presented affidavits which entitled them to defend. There may be some doubt as to the sufficiency of the showing made that Mr. Dennie would be a competent witness as to the written lease, or that anyone could competently testify as to its contents, but aside from the testimony it was forecast would be given as to the terms of that instrument, it is apparent that the defendants showed themselves to be in a position to meet completely the evidence offered by the plaintiff by which she would seek to prove that the relation of landlord and tenant existed between herself and appellants. True, the defendants’ affidavits were contradicted by those of the plaintiff. In proceedings taken under section 831d, however, the trial judge is not charged with the duty of determining wherein, amidst conflicting statements, lies the truth. Judgment may not be entered summarily if the defendant “shall show such facts as may be deemed by the judge hearing the motion sufficient to entitle him to defend”. Por the purposes of the motion, the allegations of the defendants’ affidavits must be accepted as true. (Cowan Oil & Refining Co. v. Miley Petroleum Corp., (1931) 112 Cal. App. (Supp.) 773, 779 [1 Cal. Supp. 102, 106, 295 Pac. 504, 507] ; Adler v. Wiener, (1922) 197 N. Y. Supp. 599; Tully v. New York Life Ins. Co., (1930) 228 App. Div. 449 [240 N. Y. Supp. 118] ; Wyatt v. Madden, (1929) 32 Fed. (2d) 838 [59 App. D. C. 38].) Nor does the expression, “as may be deemed by the judge . . . sufficient”, place the matter within the arbitrary discretion of the judge to determine whether a sufficient showing has been made. If it appears that the evidence which the defendants’ affidavits reveal they can furnish by competent witnesses, would, if furnished and believed, defeat plaintiff’s claim, the motion for a summary judgment must be denied.
In Baxter v. Szucs, (1929) 248 Mich. 672 [227 N. W. 666], the principle was expressed thus: “The province of the court, on motion for summary judgment, is to determine judicially whether there is an issue of fact which, if resolved in favor of defendant, would preclude a verdict for plaintiff in whole or in part of his demand.” In New York a *Supp 781 procedure for summary judgment much-like ours is authorized. Mr. Justice Cardoza, speaking for the court in Curry v. Mackenzie, (1925) 239 N. Y. 267 [146 N. E. 375], made this statement: “Civil practice rule 113 permits summary judgment at times in favor of a plaintiff, though material averments of his complaint have been traversed by the answer. To that end there must be supporting affidavits proving the cause of action, arid that clearly and completely, by affiants who speak with knowledge. There must be a failure on the part of the defendant to satisfy the court ‘by affidavit or .other proof’ that there is any basis for his denial or any truth in his defense. The case must take the usual course if less than this appears. To justify a departure from that course and the award of summary relief, the court must be convinced that the issue is not genuine, but feigned, and that there is in truth nothing to be tried.” In Hanna v. Mitchell, (1922) 202 App. Div. 504 [196 N. Y. Supp. 43], in treating of a conflict made by contrary affidavits in a proceeding for summary judgment, the opinion reads: “The court is not authorized to try the issue, but is to determine whether there is an issue to be tried.”
In the case at bar defendants have shown that there is an issue to be tried. That it may be tried, the judgment is reversed, appellants to have their costs on appeal.
^ Shaw, J., concurred.
McLueas, J., being absent, did not participate in the decision.