BED *v.* FALLON.

1. CONTRACTS—CONSTRUCTION—TWO INSTRUMENTS.

Two instruments, entered into between the same parties concerning the same subject matter, whether made simultaneously or on different days, may, under some circumstances, be regarded as one contract and interpreted together.

2. SAME—INDUSTRIAL DIAMONDS—CONTRACT AND PURCHASE ORDER—CONSTRUCTION.

Agreement between seller of industrial diamonds and manufacturer of broaches, gauges and other precision instruments relative to price latter was to pay for such diamonds which former was to set in gauges and other precision instruments manufactured by defendant and purchase order for certain diamonds defendant gave plaintiff pertained to the same subject matter, are to be regarded as part of one contract and interpreted together although purchase order was given 11 days later.

3. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVITS—PLEADINGS.

The province of the court, on motion for summary judgment, is to determine judicially whether there is an issue of fact which, if resolved in favor of defendant, would preclude a verdict for plaintiff in whole or in part of his demand, a determination to be made not only from affidavits on motion for judgment but also from all the pleadings and files in the cause (Court Rule No. 30 [1933]).

4. SAME—SUMMARY JUDGMENT—SUFFICIENCY OF AFFIDAVIT OF MERITS.

In action to recover purchase price of industrial diamonds wherein defendant, opposing motion for summary judgment, filed an affidavit of merits stating that diamonds were purchased pursuant to an agreement between the parties but that plaintiff had breached the agreement by charging an excessive price therefor and by failing to set them so as to be reasonably fit for particular purposes intended and rendered

them worthless to defendant and thereby raised issues of fact which, if resolved in his favor, would defeat plaintiff's claim in whole or in part, it was error for trial court to grant summary judgment (Court Rule No. 30 [1933]).

Appeal from Wayne; Evans (Fremont), J., presiding. Submitted October 6, 1943. (Docket No. 24, Calendar No. 42,500). Decided December 29, 1943.

Assumpsit by Hartog Bed against Albin F. Fallon, doing business as Great Lakes Broach & Gage Company, for purchase price of diamonds. Summary judgment for plaintiff. Defendant appeals. Reversed and remanded for trial.

*Francis W. McCauley,* for plaintiff.

*Berger, Manason & Kayes,* for defendant.

STARR, J. Plaintiff was engaged in the business of selling industrial diamonds. Defendant was engaged in the manufacture of broaches, gauges, and other precision instruments. On February 5, 1943, they entered into a written agreement which provided in part:

"Whereas the party of the first part (plaintiff) conceived the idea of using flat industrial diamonds on the flat surfaces of snap gauges and other precision instruments where an extremely hard and perfectly flat surface is required, which idea he has conveyed to the party of the second part (defendant), and which has been developed by them to a point where the same appears to be practical, and
* * *

"Whereas the party of the second part desires to manufacture snap gauges and other types of gauges and precision instruments incorporating the ideas of the party of the first part covering which applications for letters patent are to be filed. * * *

"The party of the first part hereby grants to the party of the second part * * * an exclusive license for the term of the patent or patents * * * covering the aforesaid ideas, discoveries or inventions, to make, use, lease and sell gauges and other measuring instruments and all other devices * * * manufactured under the patents contemplated herein or incorporating the use of flat diamonds to obtain extremely hard and *perfectly level surfaces.* * * *

"The party of the second part hereby agrees to pay the party of the first part, as royalties for the right to exploit said ideas, discoveries or inventions and the patents contemplated herein, 10 per cent. of the gross selling price * * * of all instruments * * * manufactured under the patents covering the same. * * *

"The party of the first part *agrees to furnish* to the party of the second part, and the party of the second part *agrees to purchase* from the party of the first part his *requirements of flat diamonds at the fair market price* prevailing in the city of Detroit, Michigan, at the time of each such purchase. * * *

"The party of the first part agrees to set the diamonds or cause the same to be set securely in metal of such shapes and sizes as the party of the second part shall specify, so that the diamonds will form a *perfectly flat surface,* at such times and in such quantities as the party of the second part shall direct. The reasonable cost of setting the same including a reasonable allowance to cover the overhead expense of the party of the first part shall be paid by the party of the second part. All machining and finishing shall be done by the party of the second part at his own expense."

Such contract contained other provisions relative to the proposed business arrangement between the parties, which are not material to the issues here involved. On February 16, 1943, defendant gave

plaintiff a written purchase order for certain "all flat" industrial diamonds, which order specified the number of carats in each lot or "parcel" and the price per carat. Such diamonds were later invoiced to defendant at a total price of $2,176.10. It appears that in pursuance of mutual agreement, for the purpose of safe keeping, the diamonds were retained by plaintiff in his safe.

A dispute arose between the parties, and on May 20, 1943, plaintiff began the present action to recover the sale price of said diamonds. Defendant answered, denying liability, setting up special defenses, and, by way of set-off and recoupment, asserted a claim against plaintiff for his alleged breach of their agreement of February 5th. In his reply plaintiff denied the alleged breach of contract and liability to defendant.

On July 2, 1943, plaintiff filed motion for summary judgment (Court Rule No. 30 [1933]). In his affidavit of merits in opposition to such motion, defendant stated, in substance, that the diamonds in question were purchased from plaintiff in pursuance of their agreement of February 5th; that plaintiff had breached such agreement by charging a price for said diamonds "far in excess of the fair market price prevailing in the city of Detroit at the time;" that plaintiff had further breached said agreement by failing to set said diamonds in metal so that they would form a "perfectly flat surface;" and that he purchased said diamonds in reliance upon plaintiff's skill, judgment, and representations that they would be reasonably fit for the particular purposes for which they were intended. In his affidavit of merits defendant further stated, in substance, that because of plaintiff's breach of their agreement said industrial diamonds are worthless to him; also that he had incurred great expense and damage in at-

tempting to use said diamonds in gauges and other precision instruments.

In granting plaintiff a summary judgment of $2,189.52, the trial court held that "no sufficient affidavit of merits has been filed by the defendant." Defendant appeals from such judgment.

Plaintiff contends that the agreement of February 5th and the purchase order of February 16th were separate and independent transactions and that defendant could not assert plaintiff's alleged breach of such agreement as a defense against his claim for the purchase price of the diamonds in question. Defendant contends that he purchased the diamonds in pursuance of their agreement of February 5th and that such agreement and purchase order should be construed together; that he is entitled to assert plaintiff's breach of their agreement as a defense against his claim for the purchase price of the diamonds; and also that he is entitled, by way of set-off and recoupment, to assert his claim against plaintiff for damages for breach of said agreement.

The agreement clearly indicates that the parties contemplated continuous and extensive business dealings in connection with the use of industrial diamonds in the manufacture of broaches, gauges, and other precision instruments. Plaintiff agreed to sell, and defendant agreed to purchase, his requirements of flat industrial diamonds. About 10 days after the agreement was executed, defendant gave plaintiff a written purchase order for the diamonds in question. In his reply to defendant's claim of set-off and recoupment, plaintiff recognized the relation and connection between their agreement of February 5th and the purchase order of February 16th. He said in part:

"In further reply * * * plaintiff says that pursuant to terms of said agreement (of Febru-

ary 5th),   *   *   *   the defendant was to do all machining and finishing required in connection with the use of flat diamonds set in metal to form the flat surfaces of snap gauges and other precision instruments.   *   *   *

"Plaintiff will show that the defendant made no request upon the plaintiff to set any of the flat diamonds to recover the purchase price at (for) which this action was commenced.   In further reply   *   *   *   plaintiff will show that he was able to set flat industrial diamonds in metal and did set them in metal so as to form a *perfectly flat surface* within approximately .001 inch, which was within the limits *contemplated by the plaintiff and the defendant when entering into this agreement* (of February 5th).   *   *   *   Plaintiff is informed and verily believes that the defendant has been unable to obtain the necessary diamond wheel with which to machine and finish the metal blocks with diamonds furnished by the plaintiff."

In denial of plaintiff's contention as to the intended meaning of the terms "perfectly flat surface" and perfectly level surface," defendant states in his affidavit of merits:

"That affiant denies that it was contemplated by the parties hereto that if the industrial diamonds were set in metal within approximately .001 inch of being perfectly flat, it would comply with the terms of the agreement (of February 5th),   *   *   *   and further asserts that flat surfaces of snap gauges and other precision instruments require them to be flat within .00005 of an inch or less but never greater."

The rule of construction applicable to the agreement and purchase order involved in the present case is stated in 12 Am. Jur. p. 782, § 246, as follows:

"Moreover, when two instruments are entered into between the same parties concerning the same

subject matter, whether made simultaneously or on different days, they may, under some circumstances, be regarded as one contract and interpreted together.''

See, also, *Lynch* v. *Bank of America National Trust & Savings Association,* 2 Cal. App. (2d) 214 (37 Pac. [2d] 716); *Apple* v. *Edwards,* 92 Mont. 524 (16 Pac. [2d] 700, 87 A. L. R. 179); *Blagen* v. *Thompson,* 23 Ore. 239 (31 Pac. 647, 18 L. R. A. 315); *Doub* v. *Rawson,* 142 Wash. 190 (252 Pac. 920).

From the agreement, purchase order, and affidavits shown by the record, it may reasonably be inferred that defendant gave plaintiff the purchase order of February 16th in pursuance of their agreement of February 5th. Therefore, such agreement and order should be construed together.

Question is raised as to the sufficiency of defendant's affidavit of merits. In *Baxter* v. *Szucs,* 248 Mich. 672, we said:

''The province of the court, on motion for summary judgment, is to determine judicially whether there is an issue of fact which, if resolved in favor of defendant, would preclude a verdict for plaintiff in whole or in part of his demand. * * * This is not to be determined alone from the affidavits on motion for judgment, but from all the pleadings and files in the cause.''

See, also, *Dempsey* v. *Langton,* 266 Mich. 47.

In view of our holding that the agreement and purchase order should be construed together, defendant's affidavit of merits raised issues of fact which, if resolved in his favor, would defeat plaintiff's claim in whole or in part. The trial court erred in granting summary judgment. Other questions presented do not require consideration.

The judgment for plaintiff is reversed and the case remanded for trial upon the merits. Defendant shall recover costs.

BOYLES, C. J., and CHANDLER, NORTH, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.