■ JOHANNA G. MONTFORT, Respondent, v CARL L. BENEDICT et al., Appellants. [605 NYS2d 548] —Weiss, P. J. Appeals (1) from an order of the Supreme Court (Tait, Jr., J.), entered August 13, 1992 in Madison County, which, inter alia, partially granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

The issues in this appeal focus upon the validity of easements which provide plaintiff with a right-of-way over defendants' land to a public highway and to a beach on defendants' property. The three causes of action in the complaint in this action under RPAPL article 15 allege easements by prescription, implication and grant.

The facts briefly stated are that in 1943, plaintiff's now-deceased husband, Ellis Montfort (hereinafter Montfort), acquired title to land in the vicinity of Tuscarora Lake in Madison County by deed from Clarence Stone and Ida Stone,

which included a shared right-of-way over a 15-foot wide strip of the grantor's adjoining land to Tuscarora Road, a public highway, and another right-of-way to the shore of the lake which is also known as the Erieville Reservoir. In a 1945 conveyance by Montfort to Archie Sayles and Alta Sayles, who owned an adjoining parcel fronting on the reservoir, the two parcels were subdivided to provide frontage on the water to both and, by deed executed simultaneously, the parcel reconveyed to Montfort was the lot adjoining lands formerly of the Stones. The deed from the Sayleses did not specifically describe the aforedescribed rights-of-way, reciting instead that it was "together with the appurtenances and all the estate and rights of the parties of the first part in and to said premises". Defendants acquired title to the servient land by a deed from Stones' successors on November 25, 1985, which included the recitation that it was "subject to and together with and excepting therefrom, all rights of way, easements and restrictions of record".

It further appears that Erieville Reservoir was part of the feeder system for the Erie Canal system and that the boundary of the lands owned by the State was known as the "Blue Line" (see, Canal Law § 2 [13]). Defendants contend that plaintiff's claim to a prescriptive easement over land bordering on the reservoir includes land owned by the State which could not be transferred absent compliance with Canal Law §§ 50 and 51 nor become encumbered by adverse use. In 1981 the State acknowledged the abandonment for canal purposes of its Blue Line property (L 1981, ch 741), and by quitclaim deed from the State on March 9, 1987 defendants acquired title to that portion of the Blue Line shore area which adjoined their property. The deed included the recitation that it was "subject to easements of record or otherwise, if any".

This action was commenced when defendants refused plaintiff's request to execute an instrument confirming the right-of-way over their property to the beach area. Following joinder of issue, Supreme Court denied both parties' motions for summary judgment on the first cause of action (prescription), granted summary judgment to plaintiff on the second cause of action (right-of-way to the public highway) and granted summary judgment to defendants as to a right-of-way to the reservoir (by implication), and granted plaintiff summary judgment on the third cause of action (easement by grant). Defendants have appealed.

Defendants first argue that Supreme Court erred in its denial of their motion to dismiss the first cause of action

insofar as it held that a prescriptive easement could be established over the former Blue Line land. Clearly, lands held and used by the State for canal purposes are owned by the State in its sovereign nature and cannot be encumbered or lost by adverse use (NY Const, art XV, § 1; *Donahue v State of New York,* 112 NY 142, 145; *State of New York v Case,* 45 AD2d 779; *Smith v People,* 9 AD2d 205). Here, however, the subject lands were no longer held for canal purposes. As previously stated, in 1981 the lands were declared to have been abandoned for canal purposes (L 1981, ch 741). Without any other sovereign or public purpose *(see, State of New York v Case,* 86 Misc 2d 43), such abandoned property would be held in a proprietary capacity. The NY Constitution (art XV, § 2) provides for disposition of canal lands no longer necessary or useful for canal purposes and the Canal Law (§ 10 [17]; §§ 50, 51) provides for the abandonment of canal lands. When the Blue Line land in question was abandoned,* there no longer existed a statutory prohibition to alienability; a prescriptive easement by adverse use became legally possible at that time *(see, Matter of City of New York [Mileau Corp.],* 72 AD2d 745, 746) and in fact was confirmed in the State's quitclaim deed to defendants. Accordingly, Supreme Court did not err in finding that an issue of fact existed as to plaintiff's adverse use of the subject Blue Line beach area.

Defendants next contend that plaintiff does not have an express right-of-way to the beach by grant, arguing that the absence of the specific wording describing the easement in the 1945 deed from the Sayleses to Montfort implied an intent not to convey the easement. The beach easement can only be accessed from that portion of Montfort's original lot which he retained following the restructuring of the lots. Supreme Court found both easements to be appurtenances included in the 1945 deed from the Sayleses to Montfort. We find no merit in defendants' contention that because plaintiff had water frontage, albeit an eroding cliff-like embankment several feet above water level, they intentionally did not preserve the right-of-way (or the right-of-way which provided plaintiff with her only access to a public road).

The construction of the deeds from Montfort and the

---

* While the record reflects that a de facto abandonment existed well before the 1981 legislative acknowledgment of abandonment, no attempt has been made to establish when the abandonment actually commenced and its interplay with plaintiff's use dating back to 1943 when Montfort purchased a right-of-way for access to the subject beach, in which the description included the Blue Line area of the beach.

Sayleses presents a question of law for the court to decide *(Iulucci v James E. Maloy, Inc.,* 199 AD2d 720; *Allen v Cross,* 64 AD2d 288, 291). We hold that the interpretation by Supreme Court which preserved the rights-of-way was correct.

Defendants' remaining issue is whether the original easement by grant from the Stones to Montfort included that portion of the beach which lay within the Blue Line area. Clearly the description of the easement included the beach to the shoreline, and plaintiff's use of the beach was under a claim of the easement since 1943 and was hostile to the rights of all others. Whether Montfort's grantor had title, or rights by grant, adverse possession or otherwise, remains an issue of fact unresolved by the motion before Supreme Court. Accordingly, the order and judgment must be modified to deny summary judgment on that limited issue.

Mercure, White, Mahoney and Casey, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by denying plaintiff's motion for summary judgment as to the Blue Line area of the beach right-of-way, and, as so modified, affirmed.