■ STARNER TREE SERVICE COMPANY, INCORPORATED, et al., Respondents, v CITY OF NEW ROCHELLE, Appellant. [707 NYS2d 867] —In an action to acquire title to real property by adverse possession, the defendant appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered February 25, 1999, which, inter alia, denied its motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

To acquire title to real property by adverse possession, the possessor must establish that the character of the possession is " 'hostile and under a claim of right, actual, open and notorious, exclusive and continuous' * * * for the statutory period of 10 years" (Ray v Beacon Hudson Mtn. Corp., 88 NY2d 154,

159, quoting *Brand v Prince,* 35 NY2d 634). Where lands are held by a municipality in its governmental capacity they may not be lost by adverse possession, but when held in its propriety capacity, there is no immunity against adverse possession (*see, City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118; *Walsh's Inc. v County of Oswego,* 9 AD2d 393; *Long Is. Land Research Bur. v Town of Hempstead,* 203 Misc 619, *affd* 283 App Div 663, *affd* 308 NY 818).

The Supreme Court properly found that the appellant held the subject property in its proprietary capacity and that there was a question of fact as to whether the plaintiffs have acquired title to the subject property by adverse possession (*see generally, Ray v Beacon Hudson Mtn. Corp., supra*; *Barnes v Light,* 116 NY 34; *Ramapo Mfg. Co. v Mapes,* 155 App Div 443).

The appellant's remaining contention is without merit. Santucci, J. P., Joy, Sullivan and Altman, JJ., concur.