[724 NYS2d 178]

Paul Monthie et al., Respondents, v Boyle Road Associates, L. L. C., Appellant.

Second Department, April 30, 2001

## APPEARANCES OF COUNSEL

*Lamb & Barnosky, L. L. P.,* Melville (*Scott M. Karson* of counsel), for appellant.

*Alfred J. Skidmore,* Hicksville, for respondents.

## OPINION OF THE COURT

SMITH, J.

On this appeal we are asked to determine if the Supreme Court properly concluded that the plaintiffs raised a triable issue of fact as to whether the real property to which they sought title through adverse possession had been held by the Comsewoque School District (hereinafter the School District) in a proprietary capacity, thereby allowing the plaintiffs to claim title by adverse possession.

### HISTORY AND FACTUAL REVIEW

The School District acquired title in fee simple to a parcel of land consisting of 48 acres situated in the Town of Brookhaven, Suffolk County, sometime in the late 1960s. The parcel was bordered by Boyle Road. The School District subsequently built the Boyle Road Elementary School on the site, which opened in the autumn of 1971. Of the 48 acres, only 19 were used for the school buildings, playground, and athletic fields. It is undisputed that the remaining 29 acres remained undeveloped and consisted primarily of shrubs and second-growth trees.

In 1986 the School District offered to sell the 29-acre parcel after a referendum authorizing the sale was conducted and approved by the School District voters on May 21, 1985, in compliance with the Education Law. In the notice to bidders, the site was described as "real property known as vacant land at the Boyle Road School site." The notice invited sealed bids and noted that the land was zoned "Residential-B1." An accompanying portion of the offering written on School District stationary read, "the Board of Education of the Brookhaven-Comsewoque Union School District is offering to sell * * * vacant land which [is] no longer required for school purposes." In specifically describing the Boyle Road property, the offer stated, "the parcel of property being offered is an undeveloped portion of the Boyle Road School site of approximately forty-eight (48) acres. The school has developed approximately 19 acres, and the remaining acreage is not being used."

In 1988 the School District entered into a contract to sell the acreage to a local developer. Although the record is incomplete,

it appears that disagreements concerning the types of residential units that would be allowed on the site developed over the course of two or three years, which were not resolved. No transfer of title relative to the parcel ever took place.

It is uncontroverted that the 29-acre parcel remained in its natural state from its original offering in 1986 until 1998. The authority to sell the property remained and no activity germane to the use of the parcel for School District purposes took place during that time period. The parcel was not partitioned or otherwise subdivided from the 19 acres devoted to the elementary school. The record does reflect, however, that sometime prior to 1983, the School District installed and maintained a cyclone fence, approximately 630 feet in length, which partially separated the school's playing fields from the wooded acreage.

Although the appellate record contains none of the details, the defendant, Boyle Road Associates, L. L. C. (hereinafter Boyle Road), acquired title to the 29-acre parcel from the School District on August 20, 1998. The deed pertaining to the transfer was recorded in the Suffolk County Clerk's Office on August 28, 1998.

Following the acquisition of the property by Boyle Road, it was discovered that several homeowners with properties contiguous to the subject parcel had been using portions of the parcel for many years. The properties in question consisted of lots with single-family dwellings which fronted Janet Street in Port Jefferson Station. Boyle Road sought use of the full parcel and demanded, through letters and otherwise, that the homeowners relinquish use and enjoyment of the strips of land.

The demands gave rise to the subject action, originally commenced as a proceeding by an order to show cause and petition, both dated February 18, 1999. The original respondent was the School District, but by stipulation dated April 13, 1999, the proceeding was converted to an action pursuant to RPAPL article 15, and Boyle Road was substituted as the sole defendant. The original plaintiffs were Paul and Jeri Monthie of 18 Janet Street, Richard and Kristen Sallustro of 20 Janet Street, Albert J., Jr., and Madeline Cimaglia of 16 Janet Street, Guy and Lorryn Tomasicchio of 6 Janet Street, and Mark and Laura Lorandrini of 22 Janet Street (hereinafter collectively the plaintiffs). The plaintiffs alleged that they had acquired title to the disputed portions of the property by adverse possession. They further alleged that they, and/or their predecessors in interest, had been in exclusive possession of the adversely-claimed premises and had been in exclusive, open, notorious,

and actual possession of the same continuously for more than 10 years prior to September 1, 1998. The plaintiffs also asserted that the property in question had "never been put to public use and [has] continuously [been] held in a proprietary capacity."

Boyle Road served an answer with counterclaims dated April 15, 1999, seeking, *inter alia,* a declaration that it was the owner in fee simple of the disputed property, and sought to enjoin the plaintiffs from interfering with its use of the land. In addition to a general argument that adverse possession contrary to the recorded title did not exist, Boyle Road asserted that because the School District had owned, maintained, and operated the Boyle Road Elementary School on the real property in its governmental capacity, title could not be lost through adverse possession as a matter of law. The plaintiffs served a reply to the counterclaim dated April 23, 1999.

On August 30, 1999, Boyle Road moved for summary judgment seeking dismissal of the complaint and a declaration that the plaintiffs had no legal right or interest in the disputed property. In support of the motion, Boyle Road submitted the affidavit of Frank D'Addio, the president of the School District's Board of Education, who affirmed that he had served on the Board of Education in some capacity since 1973. He reiterated that the School District had opened the elementary school in 1971, that it is situated on the original parcel of land, including that portion that the plaintiffs claimed through adverse possession, and that each plaintiff acquired title to their property after 1971. He asserted:

> "[T]he District owned the subject real property in its governmental capacity, in that it owned, maintained and operated the Boyle Road Elementary School on the said property prior to its conveyance of a portion of the said real property to Boyle Road Associates on August 20, 1998 and the District continues to maintain, own, and operate the Boyle Road Elementary School on the remainder of the original parcel."

Mr. D'Addio concluded his affidavit by stating that title to the disputed property could not pass to the plaintiffs as a matter of law because, "title to real property owned by a municipal corporation in its governmental capacity can never be lost through adverse possession nor acquired by another through adverse possession."

The plaintiffs each submitted affidavits in opposition to the motion for summary judgment. Each affidavit detailed the length of time that each affiant lived on the property and described how each exercised use and control over the disputed area. The use and control included the erection of fences, sheds, and children's playgrounds, as well as the cultivation of the land with flowers and lawns. Each homeowner asserted ownership of his home under these circumstances for the requisite 10 years prior to the 1998 sale, or that the property had been purchased from predecessors in interest who had transferred it in the current condition. Those with less than 10 years of personal ownership sought to combine their term of ownership with their direct predecessor.

Boyle Road submitted a reply affidavit in support of the motion for summary judgment, which consisted of another affidavit by Mr. D'Addio. The affidavit essentially repeated the earlier arguments and added the assertion that the existence of the fence was inconsequential, because it was not built to serve as a separation of the parcel, but to ensure the safety of the children using the athletic fields. The affiant also asserted that the Lorandrini and Sallustro affidavits were insufficient to establish adverse possession because they included hearsay accounts of the previous homeowners' occupation of the lots.

By order dated November 24, 1999, the Supreme Court denied Boyle Road's motion. The court began its analysis by correctly stating that, as a matter of law, a municipal corporation cannot lose title to real property through adverse possession when the land is held in a governmental capacity. The court continued by noting that a municipality can, however, lose property by adverse possession when the land is held for a proprietary purpose rather than a governmental one. The court concluded that an issue of fact existed as to whether the 29-acre parcel in question was actually held in a proprietary capacity which would serve to give validity to the plaintiffs' claim of adverse possession. The court found that there was no evidence that the parcel had been held in a governmental capacity since 1971. The court specifically noted that in listing the property for sale, the School District referred to the 29-acre parcel as the "Boyle Road Residential Site" and that this vacant land was "no longer required for school purposes." The court also denied that branch of the defendant's motion which was to dismiss the complaint insofar as asserted by the Lorandrini and Sallustro plaintiffs. The court ruled that the hearsay argument was inappropriately raised for the first time in the reply

and, in any event, an argument could be made which would allow the "tacking" of time between property owners for the purpose of adverse possession.

### ANALYSIS

Boyle Road contends on appeal that the Supreme Court erred in denying its motion for summary judgment by finding that an issue of fact existed as to whether the subject parcel was previously held by the School District in its governmental capacity. We disagree and affirm the order of the Supreme Court.

Initially, it is well settled that a municipality cannot lose title through adverse possession to property which it owns in its governmental capacity, or which has been made inalienable by statute (see, *City of New York v Wilson & Co.*, 278 NY 86, 96; *Casini v Sea Gate Assn.*, 262 AD2d 593, 594; *Matter of City of New York [Mileau Corp.]*, 72 AD2d 745). Conversely, when a municipality holds real property in its proprietary capacity, there is no immunity against adverse possession (see, *Starner Tree Serv. Co. v City of New Rochelle*, 271 AD2d 681; *Casini v Sea Gate Assn., supra*).

Therefore, the central issue is whether the 29-acre piece of property acquired for governmental purposes by the School District as a portion of the 48-acre piece of property retained its governmental character even after the School District concluded that the 29-acre parcel was no longer necessary for a governmental purpose.

It is uncontroverted that the acreage of the 29-acre parcel has remained in the same undeveloped condition from the time the School District purchased the land in the 1960s until its sale to Boyle Road in 1998. It is also uncontroverted that the School District took affirmative action by conducting a district-wide referendum to sever that portion which was no longer needed for school purposes so that it could be sold. No further action was taken by the School District other than to continue to offer the subject parcel for sale as a clearly delineated plot of land.

The case of *Matter of City of New York (Mileau Corp.) (supra)* provides support for the proposition that if a municipality decides to sell a portion of a parcel, the portion which is for sale is regarded as a proprietary holding. In *Mileau*, the City of New York claimed title to certain land because in colonial times it had been located in tidal water, even though the area in question had since been filled. The claimant owned property

on both sides of what the City claimed was the creek bed, and asserted ownership of four parcels encompassed within the creek bed by adverse possession. This Court held that the claimant had taken title by adverse possession. This Court noted that, as in the present case, an affirmative governmental act occurred which was necessary to allow the property to be sold. In *Mileau*, the City's Administrative Code had to be amended to allow a sale. Here, a voter referendum was required. In both cases, the intent of the municipality to divest itself of the governmental possession of the land was manifested. In its reply brief, Boyle Road attempts to distinguish *Mileau* by arguing that in *Mileau* the City had actually sold some lots over the course of time, as opposed to the present case where no similar sale or subdivision took place. It is argued that because no subdivision took place the parcel must still be viewed as part of a whole which was used for governmental purposes. This position, however, exalts form over substance. It is the action of placing the parcel on the market, rather than the sale itself, that converts the use of the land. Therefore, since at least 1986, this parcel was being held in a proprietary manner.

Additionally, the Court of Appeals had the opportunity to review tangentially the holding in *Mileau* in *Matter of City of New York (Glantz)* (55 NY2d 345), a case which concerned compensation in an eminent domain litigation for property located in the same creek bed. The Court of Appeals held that although tidal creeks meander, thus changing the land, the land was held in its proprietarty capacity and the amendment of the City Code was the operative act. Thus, the parcels could be sold and any subsequent condemnation required compensation (*see also, Town of N. Hempstead v Bonner*, 77 AD2d 567).

In *Montfort v Benedict* (199 AD2d 923), the claimant sought a prescriptive easement over land owned by the State of New York as part of the Erie Canal system. Prescription is measured by use instead of possession, but the elements required to assert it are the same as those for adverse possession (*see*, 2 NY Jur 2d, Adverse Possession, § 2). In *Montfort*, the land at issue was originally part of the Erie Canal system, which was a public use. The land was declared abandoned for canal purposes by an act of the State Legislature in 1981. The Appellate Division, Third Department, held that a prescriptive easement became possible at that time (*see, Montfort v Benedict, supra*, at 925; *Matter of City of New York [Mileau Corp.], supra*). The court concluded that "[a]ccordingly, Supreme Court did

not err in finding that an issue of fact existed as to plaintiff's adverse use of the subject * * * beach area" (*Montfort v Benedict, supra,* at 925). The court noted that "a de facto abandonment existed well before the 1981 legislative acknowledgement of abandonment" (*Montfort v Benedict, supra,* at 925, n).

We conclude that the Supreme Court properly determined that the plaintiffs presented sufficient evidence that an issue of fact exists as to the plaintiffs' claims of adverse possession of the land in dispute. Further, a search of the record in the present case does not lead to a determination that the plaintiffs should prevail as a matter of law (*see, Dunham v Hilco Constr. Co.,* 89 NY2d 425). The issue of whether the individual landowners satisfied the elements of adverse possession so as to acquire title regardless of the status in which the municipality held the parcel was not sufficiently addressed in the record. Boyle Road did not address that issue because it was not the subject of their motion or a cross motion by the plaintiffs. Therefore, issues of fact concerning the claim of adverse possession remain and we decline to grant summary judgment to the plaintiffs.

Based on the foregoing, the Supreme Court properly denied the defendant's motion for summary judgment, and the order is affirmed, with costs.

RITTER, J. P., SANTUCCI and KRAUSMAN, JJ., concur.

Ordered that the order is affirmed, with costs.