ALBANY PARKING SERVICES, INC., Plaintiff, v CITY OF ALBANY, Appellant, and JUSTINE FULLER et al., Respondents, et al., Defendants. [770 NYS2d 472]—

Rose, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered September 17, 2002 in Albany County, which, inter alia, granted defendant Justine Fuller's motion for summary judgment on her cross claim against defendant City of Albany.

This is a dispute over ownership and title to a parcel of real property located in the City of Albany on the north side of Spruce Street. Defendant Justine Fuller claims an ownership interest in the disputed area and several adjoining lots, which were together developed and used as a commercial parking lot by her father, Charles Hebert Sr. Hebert obtained his title to the adjoining lots by various deeds and, allegedly, to the disputed area by adverse possession between 1940 and 1982. When defendant City of Albany later asserted that the disputed area was held as part of a public street in the City's governmental capacity, Fuller moved for summary judgment on the grounds that the City abandoned its governmental interest in the disputed area in 1911 by adopting an ordinance excluding it from Spruce Street and her father later obtained title to the disputed area by adverse possession. Supreme Court granted Fuller's motion, prompting this appeal by the City.

Title to the disputed area turns upon whether the City owned it in a governmental capacity, which would make it immune to adverse possession, or in a proprietary capacity, which would not protect it (*see Monthie v Boyle Rd. Assoc.*, 281 AD2d 15, 20 [2001]; *Casini v Sea Gate Assn.*, 262 AD2d 593, 594 [1999]; *Montfort v Benedict*, 199 AD2d 923, 925 [1993]). As framed by the parties, the issue is whether the disputed area retained or lost its governmental character in 1911 when the City passed an ordinance changing Spruce Street's northern boundary line. Although this ordinance was initially passed and then recalled, it is clear that ultimately, on March 20, 1911, the City Common

Council duly adopted a resolution enacting the ordinance setting a new northern boundary line for Spruce Street and expressly recognizing the closure of a portion of the north side of the street, which is the disputed area here. A second ordinance to close and discontinue use of the same area vetoed in 1931 was unnecessary because, we conclude, the 1911 ordinance had already done so.

We find no merit in the City's argument that the 1911 ordinance was nonetheless ineffective to convert its interest in the disputed area into a proprietary one. To the extent that the City argues that no further action was taken to implement the 1911 ordinance, we note that the record is devoid of any evidence that some implementing action was required or, if required, not performed. To the extent that the City argues that the 1911 closing of the disputed area as a public street, standing alone, could not convert it to property held in a proprietary capacity, we find no evidence that, at any time after 1911, the City either formally dedicated the property to any other public use (cf. Litwin v Town of Huntington, 208 AD2d 905, 906 [1994], lv dismissed 86 NY2d 777 [1995]) or actually used it for any public purpose (see Town of N. Hempstead v Bonner, 77 AD2d 567, 568 [1980], lv denied 51 NY2d 707 [1980]). Fuller, on the other hand, provided evidence through her affidavit that Hebert had exclusive use and control of the disputed area as a private parking lot from 1947 to 1982. Inasmuch as use of the disputed area for street purposes was discontinued and the area was thereafter neither rededicated nor used for any other public purpose, Supreme Court properly found it to be held in the City's proprietary capacity and, thus, subject to Hebert's adverse possession (see Montfort v Benedict, supra at 925).

Finally, our review of the record reveals that Fuller presented facts of which she had personal knowledge sufficient to establish Hebert's adverse possession of the disputed area for the requisite period of time, and the City has not challenged this aspect of Supreme Court's decision.

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.