UMBERTO GALLO et al., Respondents, v CITY OF NEW YORK et al., Appellants. [857 NYS2d 681]—

In an action pursuant to RPAPL article 15 for a judgment declaring that the plaintiffs are the owners of certain real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Mega, J.), dated September 14, 2006, as denied those branches of their motion which were for summary judgment, in effect, declaring that they are the owners of the disputed real property and for summary judgment on their first counterclaim for a judgment of possession.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the defendants' motion which were for summary judgment, in effect, declaring that they are the owners of the disputed real property and for sum-

mary judgment on their first counterclaim for a judgment of possession are granted, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings on the defendants' remaining counterclaim and thereafter the entry of a judgment, inter alia, declaring that the defendants are the owners of the disputed real property.

The plaintiffs commenced this action to establish title to a parcel of real property by adverse possession. In the order appealed from, the Supreme Court, among other things, denied those branches of the defendants' motion which were for summary judgment, in effect, declaring that the defendants are the owners of the disputed real property and for summary judgment on their first counterclaim for a judgment of possession. The Supreme Court determined that triable issues of fact existed as to whether the property could be subject to a claim for adverse possession. We reverse the order insofar as appealed from.

A municipality cannot lose title through adverse possession to property that it owns in its governmental capacity (*see Kings Park Yacht Club, Inc. v State of New York*, 26 AD3d 357 [2006]; *Monthie v Boyle Rd. Assoc.*, 281 AD2d 15, 20 [2001]; *Casini v Sea Gate Assn.*, 262 AD2d 593, 594 [1999]). Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the subject property is held in their governmental capacity. Although the defendants have leased the property to private entities who utilize it for commercial purposes, the defendants established that despite the leases, the subject property is nonetheless held in a governmental capacity for the significant public purpose of monitoring leachate and the migration of landfill gas from the Fresh Kills Landfill. The existence of a private profit motive by the lessees does not preclude the operation of the property from serving a public purpose (*see Matter of County of Clinton v Drollette*, 6 AD3d 968 [2004]; *Matter of County of Erie v Kerr*, 49 AD2d 174, 180 [1975]). In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment, in effect, declaring that they are the owners of the disputed real property and for summary judgment on their first counterclaim for a judgment of possession. We remit the matter for further proceedings on the defendants' remaining counterclaim and, since this is a declaratory judgment action, thereafter, for the entry of a judgment, inter alia, declaring that the defendants are the owners of the disputed real property (*see Lanza v*

*Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Spolzino, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.