Mazzei v Metropolitan Transp. Auth. (2018 NY Slip Op 06007)





Mazzei v Metropolitan Transp. Auth.


2018 NY Slip Op 06007


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2016-02442
 (Index No. 100009/16)

[*1]Ettore Mazzei, appellant, 
v
Metropolitan Transportation Authority, et al., respondents, et al., defendant.


Calano & Culhane, LLP, New York, NY (Michael A. Calano of counsel), for appellant.
Jerome F. Page, New York, NY (Jason Douglas Barnes of counsel), for respondents.
Zachary W. Carter, Corporation Counsel, New York, NY (Claude S. Platton and Damion K. L. Stodola of counsel), for defendant City of New York.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff is the owner of certain real property by adverse possession, the plaintiff appeals from an order of the Supreme Court, Richmond County (Philip G. Minardo, J.), dated March 10, 2016. The order, insofar as appealed from, granted that branch of the cross motion of the defendants Metropolitan Transportation Authority and Staten Island Railway which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging adverse possession insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion of the defendants Metropolitan Transportation Authority and Staten Island Railway which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging adverse possession insofar as asserted against them is denied.
The plaintiff commenced this action against the Metropolitan Transportation
Authority (hereinafter the MTA), the Staten Island Railway (hereinafter the Railway), and the City of New York, alleging, inter alia, that he acquired title by adverse possession to certain lots located adjacent to railway tracks in Staten Island (hereinafter the property). The plaintiff moved, inter alia, to preliminarily enjoin the defendants from accessing the property. The MTA and the Railway cross-moved pursuant to CPLR 3211(a) to dismiss the complaint. The City submitted an attorney affirmation, inter alia, in support of the cross motion, and seeking dismissal of the complaint insofar as asserted against it. The Supreme Court denied the plaintiff's motion, and granted the cross motion of the MTA and the Railway. The plaintiff appeals from so much of the order as granted that branch of the cross motion which was to dismiss the cause of action alleging adverse possession insofar as asserted against the MTA and the Railway.
Where, as here, evidentiary material is submitted and considered on a motion [*2]pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless the movant can show that a material fact as claimed by the plaintiff is not a fact at all and unless it can be said that no significant dispute exists regarding it (see Leon v Martinez, 84 NY2d 83, 88; Guggenheimer v Ginzburg, 43 NY2d 268, 275). Here, the evidentiary materials submitted by the MTA and the Railway in support of their cross motion do not, as a matter of law, resolve the parties' factual disputes such that it can be said that the allegations in the complaint as to the cause of action for adverse possession are not facts at all (see Guggenheimer v Ginzburg, 43 NY2d at 275; Sposato v Paboojian, 110 AD3d 979, 980).
Although a municipality cannot lose title through adverse possession to property which it owns in its governmental capacity, or which has been made inalienable by statute (see Monthie v Boyle Rd. Assoc., 281 AD2d 15, 20; Casini v Sea Gate Assn., 262 AD2d 593, 594), when a municipality holds real property in its proprietary capacity, there is no immunity against adverse possession (see Monthie v Boyle Rd. Assoc., 281 AD2d at 20; Starner Tree Serv. Co. v City of New Rochelle, 271 AD2d 681, 682). Here, the MTA and the Railway did not conclusively establish that the property is not subject to adverse possession on the basis of governmental immunity. Although the MTA and the Railway submitted, inter alia, an agreement dated May 29, 1970, between the City, which owns the property, and the predecessors of the MTA and the Railway evincing a planned use of certain of parcels of land adjacent to and near the property for a governmental purpose, that is, construction of a railway substation, the evidence did not conclusively establish that the property was part of the parcels of land designated for that planned use. Nor did the evidence conclusively establish that, during the time period relevant to the plaintiff's alleged adverse possession, the property was held for the purposes of that plan. Thus, the cross motion to dismiss must fail since a factual dispute remains as to whether, during the time period relevant to the plaintiff's alleged adverse possession, the property had been held by the government in a governmental or a proprietary capacity (see Schwarz v Trustees of Freeholders & Commonalty of Town of Huntington, 85 AD3d 1008, 1009).
The defendants' remaining contention is without merit.
Accordingly, we disagree with the Supreme Court's determination to grant that branch of the cross motion of the MTA and the Railway which was to dismiss the cause of action alleging adverse possession insofar as asserted against them.
LEVENTHAL, J.P., SGROI, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court