Bedford-Carp Constr., Inc. v Brooklyn Union Gas Co. (2023 NY Slip Op 02097)

Bedford-Carp Constr., Inc. v Brooklyn Union Gas Co.

2023 NY Slip Op 02097

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2020-06252
 (Index No. 600751/20)

[*1]Bedford-Carp Construction, Inc., appellant,
v
Brooklyn Union Gas Company, etc., respondent.

Law Offices of Steven Cohn, P.C., Carle Place, NY (Susan E. Dantzig and Matthew T. Feinman of counsel), for appellant.
Day Pitney LLP, New York, NY (Paul R. Marino and Naju R. Lathia of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), dated July 21, 2020. The order granted the defendant's motion pursuant to CPLR 3211(a)(1) to dismiss the first cause of action.
ORDERED that the order is affirmed, with costs.
The plaintiff, Bedford-Carp Construction, Inc., commenced this action, inter alia, to recover damages for breach of contract against the defendant, Brooklyn Union Gas Company. The first cause of action alleged that the parties entered into a written agreement whereby the plaintiff agreed to perform certain work related to an underground gas line in exchange for a lump sum payment, that the plaintiff completed all of the work within the scope of the agreement except for certain items that the defendant instructed the plaintiff not to undertake, and that the plaintiff is entitled to the entire lump sum payment.
The defendant moved pursuant to CPLR 3211(a)(1) to dismiss the first cause of action on the ground that documentary evidence—the parties' written agreement—refutes the plaintiff's allegations. The agreement includes a "Final Pricing & Schedule of Values," which specifies a "Lump Sum Value" for 21 separate items, the final 3 of which are listed under a separate heading labeled "OPTION PRICED SERVICES." In an order dated July 21, 2020, the Supreme Court granted the defendant's motion, determining that the plain meaning of "OPTION PRICED SERVICES" in the agreement unambiguously refuted the plaintiff's allegation that the defendant was obligated to pay for those services even if they were not performed. The plaintiff appeals.
"A motion to dismiss [a cause of action] on the ground that the [cause of] action is barred by documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, [thereby] conclusively establishing a defense as a matter of law" (Qureshi v Vital Transp., Inc., 173 AD3d 1076, 1077; see [*2]Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "[T]o be considered 'documentary,' evidence must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (id. at 84-85 [internal quotation marks omitted]).
"The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent" (Greenfield v Philles Records, 98 NY2d 562, 569; see Donohue v Cuomo, 38 NY3d 1, 12). "Extrinsic evidence of the parties' intent may be considered only if the agreement is ambiguous, which is an issue of law for the courts to decide" (Greenfield v Philles Records, 98 NY2d at 569). "Ambiguity in a contract arises when the contract, read as a whole, fails to disclose its purpose and the parties' intent, or when specific language is susceptible of two reasonable interpretations" (Ellington v EMI Music, Inc., 24 NY3d 239, 244 [citation and internal quotation marks omitted]).
Here, the parties' agreement utterly refutes the plaintiff's allegation that the defendant was obligated to pay for the "OPTION PRICED SERVICES" that were not performed (see Piroozian v Homapour, 210 AD3d 709, 712; U.S. Bank N.A. v Kahn Prop. Owner, LLC, 206 AD3d 855, 857). In addition to the term "OPTION PRICED SERVICES" on the "Final Pricing & Schedule of Values," article 4 of the parties' agreement states that these prices "shall be equitably adjusted to cover any additions, subtractions, or changes to the project," and the introduction to the agreement's schedule of the "Project Scope of Work" explains that, in the prior year, the defendant had performed certain underground work similar to the "OPTION PRICED SERVICES" and that the scope of work included redoing that work "if required" due to "concerns with settlement and alignment issues over the winter." In this context, the use of the term "OPTIONS PRICED SERVICES" in the agreement clearly and unambiguously refutes the plaintiff's allegation that the defendant agreed to pay the plaintiff for those services even if they were not required or performed, and the plaintiff's submissions in opposition constituted parol evidence, which was inadmissible to determine the parties' intent (see Goodale v Central Suffolk Hosp., 210 AD3d 956, 957; Orlando v County of Putnam, 208 AD3d 503, 505).
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a)(1) to dismiss the first cause of action.
BRATHWAITE NELSON, J.P., RIVERA, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court