First Korean Church of N.Y. v 35 Ave & Parsons, LLC (2023 NY Slip Op 06123)

First Korean Church of N.Y. v 35 Ave & Parsons, LLC

2023 NY Slip Op 06123

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2021-01703
 (Index No. 713585/20)

[*1]First Korean Church of New York, appellant,
v
35 Ave & Parsons, LLC, respondent, et al., defendant.

Pick & Zabicki LLP, New York, NY (Douglas J. Pick of counsel), for appellant.
Landy Wolf PLLC, New York, NY (David A. Wolf of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered March 2, 2021. The order granted the motion of the defendant 35 Ave & Parsons, LLC, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
In August 2020, the plaintiff, a religious corporation, commenced this action against, among others, the defendant 35 Ave & Parsons, LLC (hereinafter the defendant), seeking, inter alia, damages for breach of contract and for specific performance of a purchase and sale agreement (hereinafter the agreement) that it had entered into with the defendant's predecessor in interest for two parcels of land in Flushing owned by the plaintiff (hereinafter the property). The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against it and submitted, among other things, the agreement as documentary evidence. In an order entered March 2, 2021, the Supreme Court granted the defendant's motion. The plaintiff appeals. We affirm.
When deciding a motion to dismiss for failure to state a cause of action, "the court must 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Rudovic v Law Off. of Timothy A. Green, 200 AD3d 814, 815, quoting Leon v Martinez, 84 NY2d 83, 87-88). A motion to dismiss based on documentary evidence pursuant to CPLR 3211(a)(1) may be granted "only where the documentary evidence utterly refutes the plaintiff's factual allegations" (Bedford-Carp Constr., Inc. v Brooklyn Union Gas Co., 215 AD3d 907, 908 [internal quotation marks omitted]; see Mawere v Landau, 130 AD3d 986, 987).
Here, in support of its motion, the defendant submitted, inter alia, the agreement, which provided, in relevant part, that, if the plaintiff did not obtain all the required approvals for the purchase and sale of the property for any reason within a 90-day time period from the date the parties entered into an amendment to the agreement, either party was permitted to terminate the agreement by written notice. The defendant also submitted documentary evidence that, more than 90 days after [*2]the parties executed the amendment to the agreement, the plaintiff had not obtained the required approvals for the purchase and sale of the property and that the defendant served the plaintiff with written notice exercising its option to terminate the agreement. Thus, the defendant's documentary evidence utterly refuted the plaintiff's allegations in the complaint and resolved all factual issues (see Bedford-Carp Constr., Inc. v Brooklyn Union Gas Co., 215 AD3d at 909).
Contrary to the plaintiff's contention, Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8), and the subsequent orders extending it, did not toll the 90-day period set forth in the agreement (see Prestige Deli & Grill Corp. v PLG Bedford Holdings, LLC, 213 AD3d 962, 963).
Accordingly, the Supreme Court properly granted the defendant's motion to dismiss the complaint insofar as asserted against it on the ground that a defense was founded upon documentary evidence pursuant to CPLR 3211(a)(1).
DUFFY, J.P., CHAMBERS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court