Bronxville Scout Comm. v County of Westchester (2024 NY Slip Op 04055)

Bronxville Scout Comm. v County of Westchester

2024 NY Slip Op 04055

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-06778
 (Index No. 67854/21)

[*1]Bronxville Scout Committee, appellant,
v
County of Westchester, respondent.

Wayne D. Esannason, Scarsdale, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (David H. Chen of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to determine adverse claims to real property, the plaintiff appeals from an order of the Supreme Court, Westchester County (David S. Zuckerman, J.), dated July 29, 2022. The order, insofar as appealed from, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action for declaratory relief, and adding thereto a provision deeming that branch of the motion to be for a judgment declaring that the plaintiff does not have exclusive property rights and legal title to the property free and clear from any estate, trust, or other interest of the defendant or any other person, and thereupon granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the plaintiff does not have exclusive property rights and legal title to the property free and clear from any estate, trust, or other interest of the defendant or any other person.
In December 2021, the plaintiff, a nonprofit organization affiliated with the Boy Scouts of America, commenced this action against the County of Westchester, alleging, inter alia, that prior to 1913, its predecessors in interest owned and occupied land located in Yonkers (hereinafter the property). The plaintiff claims that on January 25, 1913, Frank R. Chambers and Kate W. Chambers (hereinafter together the grantors) conveyed land that was in the vicinity of the property to the Bronx Parkway Commission (hereinafter the Parkway Commission) pursuant to eminent domain and that the conveyance included "a reservation of right" to the plaintiff's predecessors in interest conveying the property thereto "in the form of another deed, restrictive covenant and/or agreement/contract." The complaint, among other things, seeks a judgment declaring that the plaintiff has exclusive property rights and legal title to the property free and clear from any estate, trust, or other interest of the County or any other person and awarding title and ownership of the property to the plaintiff by adverse possession.
The County moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. The County set forth that it acquired title to the property by operation of law on December 31, 1925, [*2]pursuant to an Act under chapter 197 of the Laws of 1925, wherein title to all land located in Westchester County that had been acquired by the Parkway Commission for use as a public park and parkway pursuant to an Act under chapter 594 of the Laws of 1907, which included the property, was vested in the County in perpetuity for the same use and no other purpose. The County also asserted that the plaintiff is only a licensee of the property since the Parkway Commission issued a permit to one of the plaintiff's predecessors in interest in 1919 allowing the construction of a cabin thereon. In an order dated July 29, 2022, the Supreme Court, among other things, granted the County's motion insofar as it sought dismissal pursuant to CPLR 3211(a)(1). The plaintiff appeals.
"On a pre-answer motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction and the plaintiff's allegations are accepted as true and accorded the benefit of every possible favorable inference" (Granada Condominium III Assn. v Palomino, 78 AD3d 996, 996). "A motion to dismiss based on documentary evidence pursuant to CPLR 3211(a)(1) may be granted 'only where the documentary evidence utterly refutes the plaintiff's factual allegations'" (First Korean Church of N.Y. v 35 Ave & Parsons, LLC, 221 AD3d 971, 972, quoting Bedford-Carp Constr., Inc. v Brooklyn Union Gas Co., 215 AD3d 907, 908), "resolves all factual issues as a matter of law, and conclusively disposes of the claims at issue" (Yue Fung USA Enters., Inc. v Novelty Crystal Corp., 105 AD3d 840, 841). "In order for evidence submitted in support of a CPLR 3211(a)(1) motion to qualify as 'documentary evidence,' it must be 'unambiguous, authentic, and undeniable'" (Leader v Steinway, Inc., 180 AD3d 886, 887, quoting Granada Condominium III Assn. v Palomino, 78 AD3d at 997).
"[I]t is well settled that a municipality cannot lose title through adverse possession to property which it owns in its governmental capacity, or which has been made inalienable by statute" (Monthie v Boyle Rd. Assoc., 281 AD2d 15, 20; see Mazzei v Metropolitan Transp. Auth., 164 AD3d 1227, 1228). "Conversely, when a municipality holds real property in its proprietary capacity, there is no immunity against adverse possession" (Monthie v Boyle Rd. Assoc., 281 AD2d at 20; see Mazzei v Metropolitan Transp. Auth., 164 AD3d at 1228).
Here, the evidentiary materials submitted by the defendant utterly refuted the allegations in the complaint and resolved all factual issues. In support of its motion, the defendant submitted, inter alia, the deeds of parcels of land conveyed by the grantors to the Parkway Commission between 1913 and 1915, which established that the grantors did not convey any land to the Parkway Commission that was located in Yonkers or that included a reservation of right to any of the plaintiff's predecessors in interest in the form of "another deed, restrictive covenant and/or agreement/contract."
The County's chain of title traces back to multiple parcels of land located in Yonkers that were conveyed to the Parkway Commission pursuant to the Act under chapter 594 of the Laws of 1907, which established that the property constitutes part of the parcels of land that were conveyed to the Parkway Commission between 1915 and 1921 (see O'Brien v Town of Huntington, 66 AD3d 160, 166-167). The County established that thereafter, by operation of law, it acquired ownership of the property pursuant to the Act under chapter 197 of the Laws of 1925 (see O'Brien v Town of Huntington, 66 AD3d at 164-168) and that its right to title was declared inalienable (see Matter of City of New York, 72 AD2d 745, 746).
Contrary to the plaintiff's contention, the County established that it dedicated the property to a public use and used the property for a public purpose, and that, therefore, the County owns the property in a governmental capacity, even though it allows the plaintiff to use the property as a licensee (see Gallo v City of New York, 51 AD3d 630, 631). Inasmuch as the property was held by the County in its governmental capacity, the County utterly refuted the plaintiff's claim that the property was adversely possessed (see Litwin v Town of Huntington, 208 AD2d 905, 906).
The plaintiff's remaining contentions are without merit.
Nevertheless, the Supreme Court improperly granted that branch of the County's motion which was to dismiss the cause of action for declaratory relief merely because the plaintiff [*3]was not entitled to the declaration it sought (see Lanza v Wagner, 11 NY2d 317, 334). "Since the record before the Supreme Court was sufficient to resolve all issues of fact such that the rights of the parties can be determined as a matter of law" (11 King Ctr. Corp. v City of Middletown, 115 AD3d 785, 787), the court should have deemed that branch of the motion to be for a judgment declaring that the plaintiff does not have exclusive property rights and legal title to the property free and clear from any estate, trust, or other interest of the County or any other person, and thereupon granted that branch of the motion (see Matter of Gedney Assn., Inc. v Common Council of the City of White Plains, 209 AD3d 1019, 1022).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the plaintiff does not have exclusive property rights and legal title to the property free and clear from any estate, trust, or other interest of the County or any other person (see Lanza v Wagner, 11 NY2d 317).
DILLON, J.P., BARROS, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court