Goldman Sachs Bank USA v Fallack (2024 NY Slip Op 51649(U))

[*1]

Goldman Sachs Bank USA v Fallack

2024 NY Slip Op 51649(U)

Decided on December 2, 2024

Supreme Court, Kings County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 2, 2024
Supreme Court, Kings County

Goldman Sachs Bank USA, Plaintiff,

against
Jack Fallack and EL SALADA TRADING LLC, Defendants.

Index No. 505433/2024

Attorney for Plaintiff
Robert Payton Ross
Zwicker & Associates, P.C.
1225 Franklin Avenue
Garden City, NY 11530
866-348-9020
rross@zwickerpc.com
Attorney for the Defendant (Fallack)
Rudy Artin Dermesropian, LLC
810 Seventh Avenue, Suite 405
New York, NY 10019
646-586-9030
rad@dermesropianlaw.com
Attorney for the Defendant (El Salada Trading LLC)
None recorded.

Francois A. Rivera, J.

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on May 3, 2024, under motion sequence one, by Jack Fallack [FN1]
(hereinafter the defendant Fallack or individual defendant) for an order pursuant to CPLR 3211 (a) (1) and (7) dismissing the complaint of Goldman Sachs Bank USA (hereinafter plaintiff).
-Notice of motion
-Affirmation in support of motion
-Exhibits A-C
-Affidavit of Jack Fallack
-Memorandum of law in opposition
-Affidavit of service
BACKGROUND
On February 23, 2024, the plaintiff commenced the instant action to recover damages for breach of contract by filing a summons and complaint with the Kings County Clerk's office (hereinafter KCCO). On May 3, 2024, defendant Fallack filed the instant motion to dismiss the complaint in lieu of answering.
The complaint alleges the following salient facts. The plaintiff entered into a business loan agreement with the defendants. The defendant Fallack executed a personal guaranty, binding under the terms of the agreement. The funds, identified with account number ending in 2909, were disbursed pursuant to the terms of the agreement.
Plaintiff further alleges that the defendants defaulted on the terms of the agreement by failing to make payments when due according to the terms of the agreement. Plaintiff accelerated the loan for the full balance of $82,272.20. Plaintiff made demands upon the defendants for repayment of the full balance due and owing and alleges the defendant has failed to pay plaintiff pursuant to the terms of the agreement.
By interim order dated July 25, 2024, the Court ordered the plaintiff to file opposition to the motion by September 20, 2024, defendant Fallack to reply to the opposition by October 17, 2024, and adjourned the motion to dismiss to October 24, 2024, for oral argument.
On October 1, 2024, the plaintiff filed a document denominated as a Notice of Discontinuance of the action pursuant to CPLR 3217 (NYSCEF Doc No. 20).
On October 24, 2024, the date scheduled for oral argument on the motion by interim order, neither party appeared.
MOTION PAPERS
Defendant's motion papers consist of a notice of motion, an affirmation of counsel, three annexed exhibits labeled A through C, and an affidavit of the individual defendant. Exhibit A is a copy of summon and complaint. Exhibit B is a copy of a police report. Exhibit C is a copy of email correspondence between plaintiff and the individual defendant.
Plaintiff's opposition papers consist of a memorandum of law in opposition and an affidavit of service.
LAW AND APPLICATION
A motion to dismiss based on CPLR 3211(a) (1) may be granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of NY, 98 NY2d 314, 326 [2002], citing Leon v Martinez, 84 NY2d 83, 88 [1994]). For evidence to be considered documentary, it "must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86 [2d Dept 2010]). "Judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Bedford-Carp Constr., Inc. v Brooklyn Union Gas Co., 215 AD3d 907, 908 [2d Dept 2023], quoting Goshen, 98 NY2d at 84-85 [internal quotation marks omitted]).
In assessing a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint, a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every [*2]possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994], citing Morone v Morone, 50 NY2d 481, 484 [1980]). Where "evidentiary material is submitted and considered on a motion pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (Graphic Arts Mut. Ins. Co. v Pine Bush Cent. Sch. Dist., 159 AD3d 769, 771 [2d Dept 2018], citing Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]).
CPLR 3217 (a) (1) states the following, "without an order, any party asserting a claim may discontinue it without an order, by serving upon all parties to the action a notice of discontinuance at any time before a responsive pleading is served or, if no responsive pleading is required, within twenty days after service of the pleading asserting the claim and filing the notice with proof of service with the clerk of the court" (CPLR 3217 [a] [1]). 
Here, the parties did not stipulate to discontinue the instant action. Rather, the plaintiff unilaterally filed a notice of voluntary discontinuance. This notice was untimely because the plaintiff filed it after defendant Fallack filed the instant motion to dismiss. Under these circumstances the plaintiff was not allowed to discontinue the action without a court order (see BDO USA, LLP v Phoenix Four, Inc., 113 AD3d 507, 511 [1st Dept 2014], citing CPLR 3217 [a] [1], Polgar v Focacci, 2 Misc 3d 836, 839-840 [Sup Ct, NY County 2003], and David D. Siegel, Prac Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3217:8).
The parties did not appear for oral argument on October 24, 2024, based on the apparent mutually, mistaken reliance that the filed notice of discontinuance was valid. However, the notice of discontinuance is a nullity (see BDO USA, LLP, 113 AD3d at 511).
CONCLUSION
Plaintiff Goldman Sachs Bank USA and defendant Jack Fallack are directed to appear in Part 52 on February 13, 2025, at 10:00 am for further proceedings on the instant notice of motion.
The foregoing constitutes the decision and order of this Court.
ENTER:
J.S.C.

Footnotes

Footnote 1:It is noted that the plaintiff used Fallack as the surname of the individual defendant. However, the individual defendant stated that his surname is Falack.