Arkin, Simon & Simon Partnership v Rockaway Crossing, LLC (2025 NY Slip Op 03990)

Arkin, Simon & Simon Partnership v Rockaway Crossing, LLC

2025 NY Slip Op 03990

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-05641
 (Index No. 604077/21)

[*1]Arkin, Simon & Simon Partnership, etc., appellant, 
v
Rockaway Crossing, LLC, et al., defendants, State of New York, respondent.

Berkman Henoch Peterson & Peddy, P.C., Garden City, NY (Peter Sullivan of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Sarah Coco of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff is the owner of certain real property by adverse possession and pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered June 9, 2023. The order granted the motion of the defendant State of New York pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant State of New York which was pursuant to CPLR 3211(a) to dismiss the cause of action for a judgment declaring that the plaintiff is the owner of certain real property by adverse possession insofar as asserted against it, and adding thereto a provision deeming that branch of the motion to be for a judgment declaring that the defendant State of New York is the owner of Nassau County tax lot 782, and thereupon granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendant State of New York, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the defendant State of New York is the owner of Nassau County tax lot 782.
In March 2021, the plaintiff commenced the instant action, inter alia, pursuant to RPAPL article 15 to quiet title to Nassau County tax lot 782 (hereinafter lot 782) and for a judgment declaring that the plaintiff is the owner of lot 782 by adverse possession. The defendant State of New York moved pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against it, arguing that it had acquired title to lot 782 by eminent domain in December 1961 pursuant to Highway Law § 30 and that, accordingly, lot 782 was immune from adverse possession. In an order entered June 9, 2023, the Supreme Court granted the State's motion. The plaintiff appeals.
"'On a pre-answer motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction and the plaintiff's allegations are accepted as true and accorded the benefit of every possible favorable inference'" (Bronxville Scout Comm. v County of Westchester, 229 AD3d 753, 754, quoting Granada Condominium III Assn. v Palomino, 78 AD3d 996, 996). "A [*2]motion to dismiss based on documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, resolves all factual issues as a matter of law, and conclusively disposes of the claims at issue" (id. [citations and internal quotation marks omitted]; see First Korean Church of N.Y. v 35 Ave & Parsons, LLC, 221 AD3d 971, 972; Bedford-Carp Constr., Inc. v Brooklyn Union Gas Co., 215 AD3d 907, 908; Yue Fung USA Enters., Inc. v Novelty Crystal Corp., 105 AD3d 840, 841). "In order for evidence submitted in support of a CPLR 3211(a)(1) motion to qualify as documentary evidence, it must be unambiguous, authentic, and undeniable" (Bronxville Scout Comm. v County of Westchester, 229 AD3d at 754-755 [internal quotation marks omitted]; see Leader v Steinway, Inc., 180 AD3d 886, 887; Granada Condominium III Assn. v Palomino, 78 AD3d at 997).
"'[I]t is well settled that a municipality cannot lose title through adverse possession to property which it owns in its governmental capacity, or which has been made inalienable by statute'" (Bronxville Scout Comm. v County of Westchester, 229 AD3d at 755, quoting Monthie v Boyle Rd. Assoc., 281 AD2d 15, 20; see Mazzei v Metropolitan Transp. Auth., 164 AD3d 1227, 1228). "'Conversely, when a municipality holds real property in its proprietary capacity, there is no immunity against adverse possession'" (Bronxville Scout Comm. v County of Westchester, 229 AD3d at 755, quoting Monthie v Boyle Rd. Assoc., 281 AD2d at 20; see Mazzei v Metropolitan Transp. Auth., 164 AD3d at 1228). "[T]here is a well-recognized distinction between lands held by the State as sovereign in trust for the public and lands held as proprietor only, for the purpose of sale or other disposition . . . ; [the State] cannot lose such lands as it holds for the public, in trust for a public purpose[, such] as highways" (Casini v Sea Gate Assn., 262 AD2d 593, 594-595 [internal quotation marks omitted]).
Here, the evidentiary materials submitted by the State utterly refuted the allegations in the second amended complaint and resolved all factual issues. In support of its motion, the State submitted, inter alia, a certified notice of appropriation, which established that the State acquired lot 782 by eminent domain in 1961 in accordance with Highway Law § 30 to build a highway. Contrary to the plaintiff's contention, the State established as a matter of law that lot 782 was immune from adverse possession (see Bronxville Scout Comm. v County of Westchester, 229 AD3d at 755; Filomio Truck Sales, Inc. v City of New York, 191 AD3d 525, 526; Casini v Sea Gate Assn., 262 AD2d at 594-595). The State owns the property in a governmental capacity even though it has taken no action to develop lot 782 into a public highway (see Bronxville Scout Comm. v County of Westchester, 229 AD3d at 755; Filomio Truck Sales, Inc. v City of New York, 191 AD3d at 526; West Ctr. Cong. Church v Efstathiou, 215 AD2d 753).
The plaintiff's remaining contentions are without merit.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the State is the owner of lot 782 (see Lanza v Wagner, 11 NY2d 317).
BARROS, J.P., MILLER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court