■ ARON SECURITY, INC., Appellant, v UNKECHAUG INDIAN NATION, Respondent. (Appeal No. 1.) ARON SECURITY, INC., Respondent, v UNKECHAUG INDIAN NATION, Appellant. (Appeal No. 2.) [54 NYS3d 668]—

In an action, inter alia, to recover damages for breach of contract, (1) the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated September 14, 2015, as denied its postjudgment motion pursuant to CPLR 3211 (a) (2) to dismiss the action for lack of subject matter jurisdiction, and the plaintiff cross-appeals from so much of the same order as denied, with leave to renew, its postjudgment motion to hold nonparty Michelle Jackson in contempt for failing to comply with an information subpoena, to compel Michelle Jackson to comply with the subpoena, and to set the matter down for a hearing to determine and assess a fine and attorney's fees, and (2) the defendant appeals from an order of the same court dated December 16, 2015, which denied that branch of its motion which was for leave to reargue its prior motion.

Ordered that the appeal from the order dated December 16, 2015, is dismissed, as no appeal lies from an order denying reargument (*see Scialdone v Stepping Stones Assoc., L.P.*, 148 AD3d 953 [2017]); and it is further,

Ordered that the order dated September 14, 2015, is reversed insofar as appealed and cross-appealed from, the defendant's postjudgment motion pursuant to CPLR 3211 (a) (2) to dismiss the action for lack of subject matter jurisdiction is granted, the plaintiff's postjudgment motion to hold nonparty Michelle Jackson in contempt for failing to comply with an information subpoena, to compel Michelle Jackson to comply with the subpoena, and to set the matter down for a hearing to determine and assess a fine and attorney's fees is denied as academic, and the judgment entered May 22, 2014, is vacated; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff security company entered into a services contract with the defendant, the Unkechaug Indian Nation. Upon the defendant's alleged failure to pay sums due under the contract, the plaintiff commenced this action, inter alia, to recover damages for breach of contract. After obtaining a judgment in its favor and against the defendant, entered May 22, 2014, the plaintiff served an information subpoena on nonparty

Michelle Jackson, a signatory to the contract on the defendant's behalf, in an effort to collect on the judgment. Jackson did not respond and the plaintiff moved, inter alia, to hold Jackson in contempt. The defendant then moved to dismiss the action for lack of subject matter jurisdiction, asserting that as an Indian tribe, it possessed sovereign immunity from suit. The Supreme Court denied the defendant's motion and denied the plaintiff's motion with leave to renew.

"That Indian tribes possess common-law sovereign immunity from suit akin to that enjoyed by other sovereigns is part of this Nation's long-standing tradition" (*Matter of Ransom v St. Regis Mohawk Educ. & Community Fund*, 86 NY2d 553, 558 [1995]; *see Oklahoma Tax Com'n v Citizen Band of Potawatomi Tribe of Okla.*, 498 US 505, 509 [1991]). This immunity extends to "suits on contracts, whether those contracts involve governmental or commercial activities and whether they were made on or off a reservation" (*Kiowa Tribe of Okla. v Manufacturing Technologies, Inc.*, 523 US 751, 760 [1998]; *see C & L Enterprises, Inc. v Citizen Band Potawatomi Tribe of Okla.*, 532 US 411, 414 [2001]). Although a tribe may waive its sovereign immunity, such a waiver, while it need not use the words "sovereign immunity," "cannot be implied but must be unequivocally expressed" (*Matter of Ransom v St. Regis Mohawk Educ. & Community Fund*, 86 NY2d at 560 [internal quotation marks omitted]). "[W]aivers of immunity 'are to be strictly construed in favor of the Tribe' " (*id.* at 561, quoting *Rupp v Omaha Indian Tribe*, 45 F3d 1241, 1245 [8th Cir 1995]).

The United States Supreme Court and a number of other federal courts have held that an unambiguous arbitration clause in a contract, requiring resolution of all contract-related disputes by arbitration and providing, through incorporated arbitration rules and state law, for enforcement of such awards in a court of competent jurisdiction, constitutes a clear waiver of tribal sovereign immunity (*see C & L Enterprises, Inc. v Citizen Band Potawatomi Tribe of Okla.*, 532 US at 418-419; *Ninigret Dev. Corp. v Narragansett Indian Wetuomuck Hous. Auth.*, 207 F3d 21, 31 [2000]; *Sokaogon Gaming Enter. Corp. v Tushie-Montgomery Assoc., Inc.*, 86 F3d 656, 660 [1996]; *Rosebud Sioux Tribe v Val-U Const. Co. of S. Dakota, Inc.*, 50 F3d 560, 562 [1995]).

Here, the plaintiff contends that the defendant waived its sovereign immunity by virtue of a choice-of-law provision stating that the contract would be governed by the laws of New York, and by the following provision of the contract: "[The] parties agree that any claim or controversy regarding this Contract

shall be most conveniently and economically resolved in Suffolk County, New York, and therefore, the parties agree that any claim or action brought for enforcement, interpretation or damages under this Contract shall be brought only in Suffolk County and the parties agree to forebear from filing a claim in any other jurisdiction."

Although this clause requires "any claim or controversy" regarding the contract to be resolved in Suffolk County, it does not require that such claim or controversy be resolved by a state court. Rather, under the clause, a party could bring a claim before a mediator, an arbitrator, a tribal court, a state court, or a federal court, as long as the selected forum was located in Suffolk County. Thus, unlike the cases involving arbitration clauses, this clause does not unequivocally express the defendant's agreement to be sued in a state court. Moreover, unlike in *C & L Enterprises, Inc.*, the form contract in this case was supplied not by the defendant tribe, but by the plaintiff (*cf. C & L Enterprises, Inc. v Citizen Band Potawatomi Tribe of Okla.*, 532 US at 423; *Sokaogon Gaming Enter. Corp. v Tushie-Montgomery Assoc., Inc.*, 86 F3d at 660).

The fact that the contract also includes a choice-of-law provision does not resolve the ambiguity in the subject clause, since the law of the State of New York could be applied in other forums besides a state or federal court to interpret the contract (*see e.g. Tullett Prebon Fin. Servs. v BGC Fin., L.P.*, 111 AD3d 480, 481 [2013]). Moreover, any ambiguity in this regard must be construed against the drafter, which in this case, is the plaintiff (*see C & L Enterprises, Inc. v Citizen Band Potawatomi Tribe of Okla*, 532 US at 423), and against a waiver of immunity (*see Matter of Ransom v St. Regis Mohawk Educ. & Community Fund*, 86 NY2d at 561).

Under all of these circumstances, the defendant cannot be said to have expressed, through the contract, an unequivocal waiver of sovereign immunity (*see generally Matter of Ransom v St. Regis Mohawk Educ. & Community Fund*, 86 NY2d at 563-564; *American Indian Agr. Credit Consortium, Inc. v Standing Rock Sioux Tribe*, 780 F2d 1374, 1375-1376 [1985]). Accordingly, we grant the defendant's motion to dismiss the action, vacate the judgment entered May 22, 2014, and deny the plaintiff's motion as academic in light of our determination. Hall, J.P., Sgroi, Maltese and LaSalle, JJ., concur.