Kliger-Weiss Infosystems, Inc. v Darien Sport Shop, Inc. (2025 NY Slip Op 04981)

Kliger-Weiss Infosystems, Inc. v Darien Sport Shop, Inc.

2025 NY Slip Op 04981

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2024-07243
 (Index No. 620693/23)

[*1]Kliger-Weiss Infosystems, Inc., appellant, 
v
Darien Sport Shop, Incorporated, etc., respondent.

McLaughlin & Stern, LLP, Garden City, NY (John M. Brickman of counsel), for appellant.
Certilman Balin Adler & Hyman, LLP, East Meadow, NY (Thomas J. McNamara and Christopher P. Dooley of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered June 12, 2024. The order, in effect, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In March 2009, the parties entered into a written agreement in which the defendant agreed to purchase point of sale registers from the plaintiff and the plaintiff agreed to provide certain computerized management information services to the defendant (hereinafter the agreement). Paragraph 9.1 of the agreement provided that the agreement "will run for a minimum thirty six (36) months from the first store going live (first month of store billing), after thirty six (36) months this Agreement may be terminated by either party upon one hundred and twenty (120) days written notice." The "first month of store billing" commenced on November 20, 2009.
In March 2018, the parties entered into an addendum to the agreement (hereinafter the 2018 addendum), which extended the term of the agreement to April 1, 2021. In September 2022, the parties entered into another addendum to the agreement (hereinafter the 2022 addendum), which provided, inter alia, that "[t]he term of the Agreement is hereby extended by three (3) years beginning on the date of execution of this Addendum" and ending on September 22, 2025. The 2022 addendum also provided that "[e]xcept as otherwise provided herein, all of the terms, covenants, conditions and provisions of the Agreement, the 2018 Addendum and this Addendum shall remain and continue unmodified. In the event of any conflict between the Agreement and this Addendum, this Addendum shall control, supersede, and take precedence." Significantly, however, neither the 2018 addendum nor the 2022 addendum made reference to paragraph 9.1 of the agreement, which allowed for termination by either party after the minimum 36-month term upon 120-day written notice.
By letter dated October 31, 2023, the defendant informed the plaintiff that "[t]his letter serves as our 120 notice as required by our agreement . . . . That would make February 29, [*2]2024 our last day of services."
In December 2023, the plaintiff commenced this action against the defendant, seeking to recover the sum of $258,526.02, representing the technology and services allegedly purchased by the defendant for the remainder of the three-year period commencing in September 2022. The complaint asserted causes of action to recover damages for breach of contract and to recover in quantum meruit. In January 2024, the defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order entered June 12, 2024, the Supreme Court, in effect, granted the defendant's motion. The plaintiff appeals.
"A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the defendant utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (Granada Condominium III Assn. v Palomino, 78 AD3d 996, 996). "In order for evidence submitted under a CPLR 3211(a)(1) motion to qualify as documentary evidence, it must be unambiguous, authentic, and undeniable" (Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714 [internal quotation marks omitted]).
"A written agreement that is complete, clear, and unambiguous on its face must be enforced to give effect to the meaning of its terms and the reasonable expectations of the parties, and the court should determine the intent of the parties from within the four corners of the contract without looking to extrinsic evidence to create ambiguities" (Hoeg Corp. v Peebles Corp., 153 AD3d 607, 608; see Ralex Servs., Inc. v Southwest Mar. & Gen. Ins. Co., 155 AD3d 800, 802). "Ambiguity in a contract arises when the contract, read as a whole, fails to disclose its purpose and the parties' intent, or when specific language is susceptible of two reasonable interpretations" (Bedford-Carp Constr., Inc., v Brooklyn Union Gas Co., 215 AD3d 907, 909 [internal quotation marks omitted]; see Ellington v EMI Music, Inc., 24 NY3d 239, 244). "Whether or not a writing is ambiguous is a question of law to be resolved by the courts" (Hanover Ins. Co. v Catlin Specialty Ins. Co., 218 AD3d 754, 755 [internal quotation marks omitted]; see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162).
Contrary to the plaintiff's contention, the agreement, as amended by the 2018 addendum and the 2022 addendum, was clear on its face that the minimum 36-month term was not extended by the 2022 addendum (see Obstfeld v Thermo Niton Analyzers, LLC, 112 AD3d 895, 897-898). Although the 2022 addendum extended the term of the agreement by three years, the 2022 addendum in no way modified paragraph 9.1 of the agreement, and thus, was not ambiguous (see Hanover Ins. Co. v Catlin Specialty Ins. Co., 218 AD3d at 755; Obstfeld v Thermo Niton Analyzers, LLC, 112 AD3d at 897-898). In addition, the terms of the 2022 addendum were not inherently inconsistent with paragraph 9.1 of the agreement such that there was a need to rely upon the provision in the 2022 addendum stating that "[i]n the event of any conflict between the Agreement and this Addendum, this Addendum shall control, supersede, and take precedence" (see Obstfeld v Thermo Niton Analyzers, LLC, 112 AD3d at 898). "Moreover, any ambiguity in this regard must be construed against the drafter, which in this case, is the plaintiff" (Aron Sec., Inc. v Unkechaug Indian Nation, 151 AD3d 674, 676; see Matter of Cowen & Co. v Anderson, 76 NY2d 318, 323; Onekey, LLC v Byron Place Assoc., LLC, 200 AD3d 896, 898). Therefore, the documentary evidence submitted by the defendant conclusively disposed of the plaintiff's cause of action alleging breach of contract (see Hanover Ins. Co. v Catlin Specialty Ins. Co., 218 AD3d at 755; Bedford-Carp Constr., Inc., v Brooklyn Union Gas Co., 215 AD3d at 909).
"Quantum meruit may be pleaded in the alternative where there is a bona fide dispute as to the existence of a contract, or where the contract does not cover the dispute in issue" (Tutor Perini Corp. v State of New York, 209 AD3d 692, 698; see R & B Design Concepts, Inc. v Wenger Constr. Co., Inc., 153 AD3d 864, 865). Here, there was clearly a valid contract, and the amount in dispute was incurred pursuant to the contract.
Accordingly, the Supreme Court properly, in effect, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court